## BARHAM *v.* BANK OF DELIGHT.

### Opinion delivered March 7, 1910.

1. ACCORD AND SATISFACTION—ACCEPTANCE OF PAYMENT IN FULL—EFFECT.—Where a check is given in satisfaction of a disputed claim, and recites on its face that it is a payment in full, its acceptance constitutes an accord and satisfaction, although the creditor protests at the time that it is not all that is due him. (Page 161.)

2. SAME—EVIDENCE—CORRESPONDENCE BETWEEN PARTIES.—Upon the issue whether the acceptance by a creditor of a check constituted an accord and satisfaction, though for an amount less than claimed, letters between the parties tending to show that there was a dispute as to the amount due were relevant and competent. (Page 164.)

3. EVIDENCE—LETTER.—When a letter is received in due course of mail and purports to be in answer to a letter that was previously duly addressed and mailed, the presumption arises that such letter is the genuine letter of the purported writer. (Page 165.)

Appeal from Pike Circuit Court; *James S. Steel,* Judge; reversed.

*M. Rountree* and *C. C. Hamby,* for appellants.

Acceptance by appellees of the check purporting to be "in full up to date" was in law an accord and satisfaction, and further recovery is barred. 138 N. Y. 231; 20 L. R. A. 785; 188 Mo. 623; 113 Mo. App. 617; 100 *Id.* 601; 161 Ill. 339; 220 Ill. 106; 104 Ill. App. 268; 129 Ia. 41; 68 Kan. 193; 78 Miss. 912; 85 N. Y. Supp. 1045; 55 *Id.* 648; 36 *Id.* 95; 177 Ala. 561; 85 Hun 470; 53 Hun 392; 84 N. Y. Supp. 857; 80 *Id.* 1102. If appellees were not willing to accept the check in full payment, good faith demanded that they return it. When they accepted it, they did so subject to that condition, and they are now estopped

from claiming that it was not in full satisfaction of the debt. Cases *supra;* 115 N. C. 120; 122 N. C. 635; 119 S. W. 38; *Id.* 765; 114 N. Y. Supp. 840. The evidence clearly shows that the claim was unliquidated, or in dispute. 1 Cyc. 334; 161 Ill. 339; 158 Mich. 58; 119 S. W. 765. When the plaintiff, Walls, took, indorsed and cashed the check, purporting to be payment in full, and knowing that it had been forwarded to him in full satisfaction, he in effect executed a receipt in full to defendants. 148 N. Y. 326; 51 Am. St. Rep. 695; 161 Ill. 339; 115 N. C. 120. And his act was irrevocable. 75 Ark. 354. See also 88 Ark. 363.

2. The court erred in excluding the letters offered by appellants in evidence. They were admissible to show that there was a *bona fide* dispute between the parties as to the amount due. The letter of June 22, 1907, though typewritten, body and signature, is shown to have been in reply to a letter written by appellants to Walls Lumber Company, and should have been submitted to the jury under proper instructions as to its genuineness. 103 Me. 87; 17 L. R. A. (U. S.) 229.

*Sam T. Poe,* for appellees.

1. This case does not fall within either of the three classes in which the cases relied on by appellant may be divided, *i. e.,* that class where the plaintiff failed to object, but took the money and later brought suit for the balance; where the plaintiff, in reply to a letter written to him by the defendant, was notified either to accept or return the money or check, and where the parties were either together when the check was given or met afterwards before the check was cashed, each insisting that he was right, but the plaintiff keeping and appropriating the check. Here the plaintiff notified the defendant that the check was not accepted in full satisfaction, and the defendant remained silent, and therefore acquiesced in the disposition made of the check. 157 N. Y. 289; 84 N. Y. S. 444. In order to constitute an accord and satisfaction, the debtor and creditor must mutually agree as to the allowance or disallowance of their respective claims. 175 N. Y. 102; 67 N. E. 113; 157 N. Y. 289; 90 N. Y. Supp. 461; 139 Mich. 165; 49 Mo. App. 556; 59 Ill. App. 171; 103 Minn. 150. A check is nothing more than a receipt, and is only *prima facie* evidence of what it recites. 56 Ark. 43;

46 Ark. 217. The letter written by plaintiff stating that the check would not be received in full satisfaction, the said letter being properly addressed, stamped and mailed, required a reply. 157 N. Y. 289; 84 N. Y. Supp. 444.

2. The fourth instruction requested by appellants was abstract, and was properly refused. 76 Ark. 599; *Id.* 348; *Id.* 333; 75 Ark. 251; 63 Ark. 177.

The letter of June 22, 1907, was properly excluded. There was no proof that plaintiff wrote it. All of the letter of May 25, 1907, that was competent, was admitted. There is no copy of the letter of May 14, 1907, preserved in the bill of exceptions, and the presumption is that the court's ruling in excluding it was correct.

FRAUENTHAL, J. This was an action to recover the balance alleged to be due upon an account. The defendants pleaded an accord and satisfaction of the alleged indebtedness. The Wall Lumber Company sold to Charles B. Barham & Company, the defendants, seven carloads of lumber from April 11 to April 27, 1907. The lumber was shipped direct to parties who purchased from defendants, and who were located at different points, and the accounts and bills of lading therefor were sent to defendants. The plaintiffs claimed that the total of the lumber so shipped upon defendants' orders amounted to $1,082.85, and that payments had been made thereon from time to time, amounting to $864.26, the last payment being made in May, 1907. After a few shipments of lumber had been made, the defendants claimed that there was a shortage in each shipment, and a dispute arose between the parties as to the amount of these shortages and as to whether or not defendants should receive credit therefor. The defendants also disputed an item of charge on the account of $100. The parties had some correspondence relative to these disputed items of charge and credits, the defendants claiming that the account was not correct, and the Wall Lumber Company claiming that it was. The defendants were located at Gurdon, Ark., and the Wall Lumber Company at Delight, Ark. Finally the defendants on September 2, 1907, wrote to the Wall Lumber Company, and in the letter stated that they found that they owed to them a balance on the lumber to that date of $22.73, and that they enclosed a check for that

amount to cover same. In the letter was enclosed a check on the Bank of Gurdon for the above amount; and in the check it was written that it was "payment in full to date." Upon receipt of the letter and check the plaintiffs hesitated about accepting same, but at length indorsed the check and collected it; and then wrote to defendants that credit was given for the amount of the check only, and that plaintiffs would expect defendants to pay the remainder of the account. The defendants testified that this letter was not received by their firm.

The defendants requested the court to give to the jury the following instruction, which was refused:

"4. The jury are instructed that where a sum of money is paid in satisfaction of a disputed claim, and the tender is accompanied by such acts and declarations as amount to a condition that if the amount is accepted it is accepted in full satisfaction, or is such that if the party is bound to understand therefrom that if he takes it he takes it subject to such conditions, the acceptance constitutes an accord and satisfaction, although the creditor protests at the time that it is not all that is due him or that he does not accept it in full satisfaction of his claim."

At the request of the plaintiffs and over the objection of the defendants the court gave the following instruction:

"2. You are instructed that the acceptance of a check for a less sum than is due, which shows on its face to be 'payment in full up to date,' is not a complete settlement unless both parties agree that the acceptance of said check should be a full and complete settlement."

The Wall Lumber Company assigned the account to the Bank of Delight, both of whom are joined as plaintiffs.

The jury returned a verdict in favor of the plaintiffs for $218, the amount of the balance of the account as claimed by them.

The defense that is made in this case is that the plaintiffs accepted an offered amount in full payment of a disputed and unliquidated claim, and this operated as an accord and satisfaction of the account sued on. But it is contended by plaintiffs that, before there can be an accord and satisfaction, there must be an agreement thereto by both parties, and that a receipt is

only *prima facie* evidence of what it imports, and can always be explained or contradicted; so that, even if the check should be considered equivalent to a receipt, it can still be shown that the plaintiffs did not actually agree to accept it in full payment of the demand. It is true that, in order to constitute an accord and satisfaction, it is necessary that the offer of the payment should be made by one party in full satisfaction of the demand, and should be accepted as such by the other. But when the claim is disputed and unliquidated, and a less amount than is demanded is offered in full payment, the question as to whether the creditor in such case does so agree to accept the amount offered in full satisfaction of his demand is a mixed question of law and fact. If the offer or tender is accompanied by declarations and acts so as to amount to a condition that if the creditor accepts the amount offered it must be in satisfaction of his demand, and the creditor understands therefrom that if he takes it he takes it subject to that condition, then an acceptance by the creditor will estop him from denying that he has agreed to accept the amount in full payment of his demand. His action in accepting the tender under such conditions will speak, and his words of protest only will not avail him. In the case of *Springfield & Memphis. Railroad Co.* v. *Allen,* 46 Ark. 217, this court held that when a settlement and receipt in full of an unliquidated demand is made with a complete knowledge of all the circumstances, it is a bar to a subsequent action upon the demand, although the creditor accepts the amount paid under protest and threats of suit for a balance claimed to be due him. In such case there is an adjustment of a controversy, and the creditor by accepting a smaller sum which is tendered upon condition that he agrees to receive it in satisfaction of the demand is estopped by his act from denying such agreement. *Greer* v. *Laws,* 56 Ark. 37.

And the effect is the same where the tender or offer is made by check through the mails. In the case of *Nassoiy* v. *Tomlinson,* 148 N. Y. 326, this question was under consideration, and the court said: "The plaintiff could only accept the money as it was offered, which was in satisfaction of his demand. He could not accept the benefit and reject the condition; for, if he accepted at all, it was *cum onere.* When he indorsed and col-

lected the check referred to in the letter asking him to sign the inclosed receipt in full, it was the same in legal effect as if he had signed and returned the receipt because acceptance of the check was a conclusive election to be bound by the condition upon which the check was offered. The use of the check was *ipso facto* an acceptance of the condition. The minds of the parties then met, so as to constitute an accord."

In the case of *Ostrander* v. *Scott*, 161 Ill. 339, the debtor sent a check to his creditor which stated that it was in full payment of his indebtedness, the amount of which was in dispute. The creditor indorsed the check, and collected same, and wrote to the debtor that he only applied the amount to his credit, and did not accept it in full payment of his indebtedness. In that case the court said: "The check was made on its face a payment in full of all demands to date, and the effect, when it was received, indorsed and collected, was the same as if it had been tendered accompanied with a receipt to be signed in full of all demands to date, and the plaintiff had received the check and signed the receipt. * * * It was the right of plaintiff to accept the check upon the terms proposed or to reject it; but there could be no modification of the terms by his will alone, without the concurrence of the defendant. * * * If there was a controversy over a setoff, and the balance due the plaintiff was fairly in dispute, the claim could not be treated as liquidated."

In the case of *McGregor* v. *Construction Co.*, 188 Mo. 623, the debtor mailed to the creditor a check, and stated that it was in full payment of his indebtedness, and sent a receipt to that effect to be signed by the creditor. The creditor collected the check, but did not sign the receipt, and thereupon brought suit for the balance which he claimed was due him. In that case the court said:

"When he took the money knowing that the defendant transmitted it to him as payment in full for all work done under his contract, he estopped himself from thereafter claiming that such payment did not constitute a payment in full under his contract. It was not competent, proper or legal for the plaintiff to take the amount thus transmitted to him under such circumstances, and apply it as only part payment of what he claimed the defendant owed him. If he was not satisfied with the sum thus

paid, good faith required him to refuse to accept the money, to return it to the plaintiff, and to bring his suit for the amount he claimed to be due him. His conduct in retaining the money clearly estopped him from now claiming that the amount was not the true amount due him under his contract.' See also *Fuller* v. *Kemp,* 138 N. Y. 231; *Preston* v. *Grant,* 34 Vt. 203; *Snow* v. *Griesheimer,* 220 Ill. 106; *Beaver* v. *Porter,* 129 Iowa 41; *Neely* v. *Thompson,* 68 Kan. 193; *Darrill* v. *Dodds,* 78 Miss. 912; *Cunningham* v. *Standard Construction Co.,* 119 S. W. 765.

It is urged by counsel for plaintiffs that, inasmuch as plaintiffs immediately wrote to the defendants that the check was accepted only in part payment of the account, this was conclusive evidence that the plaintiff did not agree to the accord and satisfaction of the demand. But, if the offer of payment was made upon condition and the plaintiffs so understood it, there was but one of two courses open to them, either to decline the offer and return the check or to accept it with the condition attached. The moment the plaintiffs indorsed the check and collected it, knowing that it was offered only upon a condition, they thereby agreed to the condition, and were estopped from denying such agreement. It was then that the minds of the parties met, and the contract of accord and satisfaction was complete in law. *Springfield & Memphis Rd. Co.* v. *Allen,* 46 Ark. 217; *George Knapp & Co.* v. *Pepsin Syrup Co.,* 119 S. W. 38; *Cunningham* v. *Standard Const. Co., supra.*

We are of the opinion, therefore, that the court erred in refusing to give the above instruction requested by the defendants; and the above instruction given on the part of plaintiffs should have been modified so as to conform therewith.

In the trial of the cause the defendants offered in evidence certain letters purporting to have been written by plaintiffs, and which defendants claimed to have received through the mails. These letters referred to the account in litigation, and tended to show that there was a dispute relative thereto between the parties. They were written before September 2, when the defendants sent the above check to plaintiffs, and therefore tended to prove that defendants sent the check in settlement of a disputed demand. We think therefore that these letters were revelant, and, if authenticated, were competent as evidence

in the case.   One of these letters was typewritten as to the body and signature, and the plaintiffs testified that they did not recollect writing or dictating same.   This letter referred to the dispute as to the shortages claimed by defendants.   The defendants testified that it was inclosed in an envelope with the address of plaintiffs printed thereon, and that it was in answer to a letter which they had addressed and mailed to plaintiffs.   The court refused to permit the letter to be introduced.   As a general rule, a letter that is offered in evidence must be authenticated by proving the genuineness of the signature of the writer.   But when a letter is received in the due course of mail and purports to be in answer to a letter that was previously duly addressed and mailed, the presumption arises that such letter is the genuine instrument of the purported writer.   It is then sufficiently authenticated to go to the jury; and, upon its genuineness being denied, it then becomes a question of fact for the jury to determine as to whether the letter is genuine or not.   3 Wigmore on Ev. 2153; *Lancaster* v. *Ames*, 103 Me. 87.

The letters were admissible, and the court erred in refusing to allow the introduction of them in evidence.

For the above errors the judgment is reversed, and the cause remanded for a new trial.