CUNNINGHAM COMMISSION COMPANY *v.* RAUCH-DARRAGH GRAIN COMPANY.

Opinion delivered March 13, 1911.

ACCORD AND SATISFACTION—ACCEPTANCE OF CHECK RECITING PAYMENT IN FULL.—When a debtor sends a check to his creditor, bearing upon its face a statement that it is a payment in full, the retention and col-

lection of the check by the creditor renders it an accord and satisfaction of the debt; and it is immaterial that the creditor immediately wrote the debtor stating that the check was not accepted as a settlement, where no offer was made to return the check if desired by the debtor.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*J. W. Blackwood* and *J. W. Newman,* for appellant.

1. There was no accord and satisfaction. The burden was on the defense to prove a *bona fide* dispute in the settlement of which were all the elements of a complete agreement—a lawful subject-matter, a sufficient consideration and the *aggregatio mentium* of the parties. 2 Ark. 209; 1 A. & E. Enc. 412; 1 Cyc. 311; 2 Watts (Pa.), 424; 5 N. H. 410; 92 Fed. 968.

2. There was no mutual assent. 126 S. W. 394; 56 Ark. 35. In following cases the creditor waited too long and did not give the debtor a chance to withdraw or alter his tender before it was too late: 148 N. Y. 326; 161 Ill. 339; 78 Miss. 912; 188 Mo. 623; 138 N. Y. 231; 20 L. R. A. 785; 68 Kan. 193; 119 S. W. 38; 119 S. W. 765; 46 Ark. 217; 34 Vt. 201. See parallel case of 84 N. Y. 440.

*Marshall & Coffman,* for appellees.

1. The evidence shows a *bona fide* dispute, a sharp one as to the whole subject-matter of indebtedness; and cases cited have no application.

2. This case cannot be distinguished from *Barham v. Bank of Delight,* 94 Ark. 158. All the cases cited in this case support the opinion of this court.

FRAUENTHAL, J. This was an action instituted by the Cunningham Commission Company, plaintiff below, to recover the balance of an account which it alleged was due to it by the Rauch-Darragh Grain Company, one of the defendants, and also to discover and follow the assets of that company, which it alleged were wrongfully held by the other defendants. The defendant pleaded payment, and the case was tried upon the issue of accord and satisfaction, and both parties fully developed their evidence upon that issue.

The plaintiff was a domestic corporation, engaged in the grain business, and the defendant, the Rauch-Darragh Grain

Company, was also a domestic corporation engaged in handling corn and in milling same into chops, meal, etc., and both corporations were located at Little Rock, Arkansas.

The plaintiff had furnished to said defendant a number of cars of corn and other grain upon an account which extended over a number of months during the year 1905. A part of this grain was furnished with the understanding that it should be paid for by the exchange of like commodities to be obtained from the defendant, and the other grain was furnished with the understanding that it should be returned in the manufactured products of meal and chops, the plaintiff paying for the grinding, handling and sacking thereof. A dispute arose between the parties as to the amount which was due to plaintiff upon said account. The controversy grew principally out of four cars of corn which were furnished to defendant in April, 1905. Two of these cars contained white corn and the other mixed corn; and all of this corn, the testimony indicated, was badly damaged. The purpose was to grind it and mix it with products of good grain so as to make it merchantable. It was claimed by the plaintiff that the greater portion of these four cars of corn had never been returned to it or accounted for by the defendant. The defendant, on the other hand, claimed that the two cars of white corn had been ground into meal and hauled to plaintiff's warehouse, and that the remainder of the corn had been ground and mixed with other products and turned over to plaintiff. Some other items of the account were also in dispute.

A few days prior to October 25, 1905, Mr. Cunningham, representing the plaintiff and Mr. Rauch and Mr. Darragh, representing the defendant, met at the office of the plaintiff, in order to adjust and settle their differences relative to the disputed account. The parties representing the defendant testified that all items of grain which had been furnished by plaintiff to defendant, and all items of the account, were considered at this meeting, and that the disputed items involving said four cars of corn were also considered in the consultation and settlement. They testified that the parties made mutual concessions and allowances in considering the various items of the account, and finally arrived at a determination of the amount which was due by the defendant to the plaintiff, and that it was agreed that the final

balance due by defendant amounted to $250.73, and that Mr. Cunningham agreed to accept a check for that sum in full payment of all items due to it, including the four cars of corn.

On the other hand, Mr. Cunningham testified that, while the parties had met and discussed the various items of the account, the four cars were not included in the settlement, and that he did not agree to accept the above amount in payment thereof.

On October 25 the defendant sent to the plaintiff a check for the above sum of $250.73 in full settlement of all its indebtedness to the plaintiff, and it was stated on the face of the check that it was in full payment thereof. The plaintiff retained the check and cashed the same shortly after its receipt, but immediately wrote the following letter, which was delivered at defendant's office within a few hours thereafter:

                        "Little Rock, Ark., October 25, 1905.
"Rauch-Darragh Grain Co.
        "City.
"Gentlemen:

     "Your check for $250.73 received and applied to your credit. We wish to advise, however, that we do not accept same as settlement, as there are a number of items that we will not agree to. We will check your statement within the next few days and advise you concerning same.

           Yours, etc.,
                  "Cunningham Commission Company."

The messenger who testified that he delivered this latter letter also testified in the same connection that he went to the bank, and we think that it can be reasonably inferred from the testimony that this letter was delivered after the check was cashed. The defendant made no reply to this letter, and its officers testified that it was never received by it or at its office.

The chancellor made a finding that, while there was some amount due to the plaintiff after crediting the amount of the check upon the account, the plaintiff accepted the check with the understanding that it was sent in full payment of the indebtedness of defendant to plaintiff, and that there was an accord and satisfaction of the disputed account between the parties; and he thereupon entered a decree dismissing the complaint.

We think that the evidence tends to prove that there was a dispute and controversy between the parties relative to the amount of the indebtedness due by defendant to plaintiff, and that this dispute related to various items of the indebtedness, including the above mentioned four cars of corn. The parties met for the purpose of endeavoring to settle the differences as to said indebtedness, and, whether or not they agreed to a definite amount which would be received by the plaintiff in full payment thereof, the testimony shows that the defendant sent the check for the $250.73 in full payment of the disputed indebtedness, and that the plaintiff, when it received the check, understood that the offer or tender of the check was made upon the condition that it should be received and accepted in full payment of all indebtedness due by defendant to plaintiff. The check contained the statement upon its face that it was in full payment, and the plaintiff testified that immediately on its receipt the above letter was written, which shows that the plaintiff understood that the check was sent and tendered upon condition that it should be received in full payment. The plaintiff with this knowledge retained and cashed the check. This, we think, amounted to an accord and satisfaction. The case, we think, is ruled by the case of *Barham* v. *Bank of Delight,* 94 Ark. 158. In that case we held that when a debtor sends a check to his creditor to apply upon a disputed claim, bearing on its face a statement that it is a payment in full, the retention and collection of the check by the creditor renders it an accord and satisfaction of the debt.

It is urged by counsel for plaintiff that there was no accord and satisfaction in this case because the plaintiff immediately on receipt of the check wrote the above letter to defendant in which it stated that it did not accept the same as a settlement of the indebtedness. But in the same letter it is stated that the check was received and applied to the credit of the account; it thus indicated that it had appropriated the check and would not in any event return same to defendant.

It is urged by plaintiff that it was incumbent upon defendant to answer this letter and state that it did not agree to permit the check to be only applied as a credit upon the indebtedness, if it did not consent thereto. But we do not think that a reply was necessary. The plain import of the language of this letter

indicated that the plaintiff had received and retained the check and had appropriated it on the indebtedness; there was nothing in the letter which indicated that they would return the check if it was so desired by the defendant. If the plaintiff had intended to return the check in the event the defendant had not desired to consent to it being placed only as a credit on the account, then it should have stated so in apt language. Its conduct shows that this was not its purpose; for, in addition to stating in the letter that it had applied the check to the credit of the account, it did actually cash same.

But, as stated in the case of *Barham* v. *Bank of Delight, supra,* "if an offer of payment was made upon condition, and the plaintiffs so understood it, there was but one of two courses open to them: either to decline the offer and return the check, or to accept it with the condition attached. The moment plaintiffs indorsed the check and collected it, knowing that it was offered only upon a condition, they thereby agreed to the condition and were estopped from denying such agreement. It was then that the minds of the parties met, and the contract of accord and satisfaction was complete in law."

The chancellor made findings of fact as above indicated, and we think that they were well supported by the testimony adduced upon the trial of the case. Under these circumstances, we think that the conclusion at which he arrived is correct, and the decree is accordingly affirmed.