## BARHAM *v.* KIZZIA.

### Opinion delivered October 9, 1911.

ACCORD AND SATISFACTION—ACCEPTANCE—CHECK IN FULL.—Where a debtor sent to his creditor a check for less than the latter claimed, marked on its face: "Payment in full to date," the acceptance of the check by the creditor was an accord and satisfaction, and it is immaterial that the debtor had previously promised to see that the creditor got what was due him, or that the creditor protested in writing that he did not accept the check in full payment.

Appeal from Pike Circuit Court; *James S. Steel*, Judge; reversed.

*M. Rountree* and *G. R. Haynie*, for appellants.

*Sam T. Poe* and *George A. McConnell*, for appellee.

KIRBY, J. This is the second appeal in this case. The opinion on the first appeal is reported in 94 Ark. 158, (*Barham* v. *Bank of Delight*), and a sufficient statement of the case there made. It was remanded, and no new facts developed upon the second trial, in which appellee recovered a judgment, from which this appeal is taken.

It is insisted that the court erred in refusing to give the peremptory instruction in favor of the appellant and in giving instructions numbered one and two for appellee. The law of the case was plainly laid down on the former appeal, and said

instructions numbered one and two were not warranted by the testimony and in accordance with the law, as declared. We said there: "If the offer or tender is accompanied by declarations and acts, so as to amount to a condition that if the creditor accepts the amount offered it must be in satisfaction of his demand, and the creditor understands therefrom that if he takes it he takes it subject to that condition, then an acceptance by the creditor will estop him from denying that he has agreed to accept the amount in full payment of his demand. His action in accepting the tender under such conditions will speak, and his words of protest only will not avail him.  * * * If the offer of payment was made upon condition, and the plaintiffs so understood it, there was but one of two courses open to them, either to decline the offer and return the check or to accept it with the condition attached. The moment the plaintiffs indorsed the check and collected it, knowing that it was offered only upon a condition, they thereby agreed to the condition, and were estopped from denying such agreement. It was then that the minds of the parties met, and the contract of accord and satisfaction was complete in law."

The undisputed testimony in the case shows that there was a controversy between the parties, as to the amount due, and about which there had been some sharp correspondence; that a member of the creditor firm had had several conversations with one of the members of the debtor firm, who insisted on getting the matter adjusted, and had been assured by him that his company should have everything that was due it. After this the check was sent to creditor firm, marked on its face, "Payment in full to date," with a letter stating that "we notice we owe you a balance on lumber bought $22.73; therefore we hand you herewith our check No. 153 for to cover to date."

This check was received and cashed; Mr. G. W. Walls, of the creditor firm, who had discussed the matter with Mr. Kress on several occasions after the controversy arose, stating:

"He knew about us being in trouble, and he insisted on our getting the thing adjusted, and said he would see that everything came out all right, and that if anything was due me he would see that I got it. I had the utmost confidence in Mr. Kress, and when I received this check for twenty-two

dollars and a few cents, I carried it to the bank, and asked the cashier what he would do about it—accept it, or return it. * * * I accepted the check, and got the money on it, and wrote to Mr. Kress in regard to it, and told him I had received the check, and how it was marked, but that I did not accept it in full settlement for the amount that was owing to me, and looked to him for the balance. I did not receive a reply to this letter. After that I saw Mr. Kress personally and talked to him, and he said that he would see that I got everything that was due me."

It is also undisputed that the tender of the check was in full payment of the balance due upon the disputed account, and that Mr. Walls so understood it at the time he accepted and cashed it. He had no right to rely upon any promise theretofore made him in taking such action, nor would his protest, in writing, that he did not accept the check in full payment, although he received and cashed it, prevent such action being an unconditional acceptance. There was but one of two courses open to him, either to decline the offer and return the check, or to accept it with the condition attached and, as we said in the former opinion, "The moment the plaintiffs indorsed the check and collected it, knowing that it was offered only upon a condition, they thereby agreed to that condition and were estopped from denying such agreement. It was then that the minds of the parties met, and the contract of accord and satisfaction was complete in law." *Cunningham Com. Co.* v. *Rauch-Darragh Grain Co.,* 98 Ark. 269.

There was no proof of a rescission of such accord and satisfaction, and the court should have given the peremptory instruction asked, and for its error in failing to do so the judgment is reversed, and the cause dismissed.