## Longstreth *v.* Halter.

### Opinion delivered February 7, 1916.

Accord and satisfaction—disputed claim—acceptance of debtor's check.—When a claim is in dispute and a debtor sends to his creditor a check or other remittance which he clearly states is a full payment of the claim, and the creditor accepts the remittance or collects the amount of the check, without objection, this constitutes a good accord and satisfaction.

Appeal from Conway Chancery Court; *Jordan Sellers,* Chancellor; reversed.

### STATEMENT BY THE COURT.

This suit was instituted by the appellees against the appellants to recover judgment against appellants on a certain note executed to the appellee F. U. Halter, and to foreclose a mortgage on 163 acres of land in Conway County, executed to secure the note. The defense of appellants was payment, accord and satisfaction. The facts are substantially as follows:

Appellants borrowed of the appellee F. U. Halter $600 on July 15, 1910, and executed their note for the same, and also a mortgage on certain land in Conway County. The undisputed evidence showed that there had been paid on this note the sum of $400. On May 6, 1913, O. D. Longstreth wrote a letter to Halter in which he says: ''I am sending you statement as I promised.'' The statement enclosed was as follows:

"I must owe you:

Principal on note.............................,$600.00
Interest to date..............................  79.00
Office rent, west of depot....................  9.00
Cow pasture ..................................  12.00
                                              _____
                                               $700.00
    Credit paid by checks...................... 350.00
                                              _____
                                               $350.00

    You owe me:

Halter v. Kinchloe *et al.;* Kinchloe v. Dunaway..$500.00

    The letter continues as follows: "Since this was a big case and we did not have time to try it and because of the favors you have shown me heretofore I am willing to cut the amount to $300, if that will be satisfactory to you. $300 is 10 per cent on $3,000, the least amount you would have been entitled to had you preferred damages to getting the property. Since you got the property which you wanted rather than the damages I hope you will not regard the fee of 10 per cent as anything but reasonable. You were to pay $4,500.00 for one-half lot, Frauthenthal paid $1,666 2-3 for one-ninth lot value of lot $15,000.00. Your half was worth then $7,500.00. Your loss would then be $4,500.00 from $7,500.00, or $3,000.00 for which the judge would have instructed the jury as a minimum. Trusting that this will settle all amounts between F. U. Halter and O. D. Longstreth and Mayme Longstreth. I am enclosing herewih my check for $50.00, which balances the above account.

                        Very truly yours,
                                O. D. Longstreth."

    F. U. Halter testified concerning this statement that he received it on the 6th of May; that he did not accept that statement as a final settlement. He was asked this question: "Why, if you did not consider Longstreth's indebtedness to you as paid in full, when you received the last payment made to you of $50.00 you didn't return the check to Longstreth?" and answered, "I held the check several weeks before cashing the same and only cashed

the same after I was instructed to do so and was told that it would not have any effect on the case."

It was the contention of the appellants that F. U. Halter had employed O. D. Longstreth as an attorney to represent him in bringing about the consummation of the purchase of certain real estate from the Kinchloe heirs, which he had made from one J. D. Dunaway, acting as the agent of such heirs, the real estate involved in the transaction being certain lots in the town of Conway. The testimony of the appellants concerning this tended to show that Halter had purchased these lots from one Dunaway, agent of the Kinchloe heirs for the sale of the property, the consideration for the purchase being the sum of $4,500.00; that after the contract for the purchase was made and the sum of $50 had been paid as earnest money to close the deal, the heirs had repudiated the transaction and had sold the property to Joe Frauenthal; that Halter employed attorney O. D. Longstreth as an attorney, to enforce the contract for the purchase, or to sue for damages for failure to carry out their contract; that he rendered services in this connection which were reasonably worth the sum of $500, for which the charge was made in the statement rendered appellee F. U. Halter. The testimony in regard to this transaction is somewhat voluminous and it is unnecessary, in the view we take of the case, to set out and discuss the same in detail.

The testimony on behalf of the appellees in this connection was to the effect that F. U. Halter did not employ Longstreth to represent him in the capacity claimed. The testimony of Halter however shows that he did consult with Longstreth as to the purchase of the real estate, but denies that he ever authorized him to bring suit. He stated that he discussed the matter, sometimes two or three times a day from about the middle of July until the middle of August, with Longstreth. He did not know whether Longstreth prepared a complaint to file against the Kinchloe heirs or not. Among other things he stated as follows: "About the last of May or first of June, 1913, I told Longstreth I wanted my money. He said he had an account against me; that he would look it up. Be-

fore receiving the statement I had no knowledge that he contemplated charging me anything for what he claims to have done. Longstreth said there would be no charge unless I instructed him to bring suit, which I never did." He denied specifically the testimony of Longstreth in regard to his employement, but did not deny that Longstreth did the work which Longstreth testified that he did do concerning the real estate transaction. Appellee testified that there was a balance due on the note in the sum of $200.

The court found generally "the issue of law and fact for the plaintiff upon his complaint, and against the defendants upon their answer setting up a plea of payment and accord and satisfaction," and that there was due and unpaid upon the note sued on the sum of $297.40, including principal and interest, and rendered a decree in favor of the appellees against the appellants for that sum, and foreclosing the mortgage on the lands therein described. The appellants have duly prosecuted this appeal.

*John Clerget, O. D. Longstreth, A. C. Martin* and *Geo. A. Longstreth,* for appellants.

1. The acceptance and collection of the check without remonstrance or explanation was an accord and satisfaction. 94 Ark. 162; 148 N. Y. 326; 161 Ill. 339; 188 Mo. 623; 1 Corpus Juris. 554; *Ib.* 556, par. 76; Branson Inst. to Juries, § 111, p. 112; 98 Ark. 269; 100 Ark. 251; 112 *Id.* 503; 1 Corp. Juris., § 12, p. 270, 528, § 14, 529, § 16.

2. Where an agreement is fully executed to discharge a debt by payment of a smaller sum and such discharge is evidenced by a written receipt in full satisfaction of the greater, there is a valid discharge of the whole debt. *Ib.* citing 75 Ark. 354; 69 L. R. A. 823; 44 Ark. 349. See also, 1 Corp. Jur., pp. 557-8, 562-5, 570, par. 95-105, etc.

3. *Implied contract.* Where a party avails himself of the benefit of the services of another, though without express authority or request, the law implies a promise to pay. 26 Ark. 360; 56 *Id.* 382; 75 *Id.* 192. As to the relation of attorney and client, see 4 Cyc. 897; 2 Rul. Case

Law, par. 26, p. 995; 18 S. W. 907, a ruling case; 4 Cyc. 927; 38 Ark. 149.

4. There was an account stated. 32 Ark. 470; 41 *Id.* 502; 55 *Id.* 376; 19 *Id.* 686; 80 *Id.* 439; 64 *Id.* 39; 1 Cyc. 370-1. 74-5; 53 Ark. 155.

5. Undisputed evidence can not be disregarded. 96 Ark. 500; 113 *Id.* 190.

*E. M. Merriman,* for appellee.

The plea of accord and satisfaction is not well founded. There was no dispute or controversy to settle, and appellee had a right to accept the check as a partial payment and not as a final settlement. The fee is exorbitant for services never rendered; never taken advantage of; nor of any benefit. The decree is right and should be affirmed.

WOOD, J., (after stating the facts). The issue as to whether or not appellee F. U. Halter employed Longstreth as attorney, and as to whether or not Longstreth rendered the services to Halter that were reasonably worth the amount claimed by Longstreth was purely one of fact. Without discussing the evidence in detail it suffices to say that the weight of the evidence on this issue, was in favor of the contention of the appellant Longstreth. The proof shows that he was employed by Halter and performed services for him in the capacity of an attorney which, taking into consideration the character and value of the services rendered and the benefit which Halter derived therefrom, were reasonably worth the sum of $500. While Halter denied that he employed Longstreth to represent him in the capacity claimed by the latter, yet it is not reasonable to conclude that Longstreth, under the circumstances, would have done the work which he testified he did do, and which is not denied by Halter, unless he had been employed and was expecting remuneration for his services.

Longstreth testifies concerning this that he had no stipulated fee with Halter, but that his understanding with Halter was that if he rendered him the services and got no results he would make no charge, but that if he

got what Halter wanted his fee would be as much as the best firm of lawyers would charge for the same work and results. He details fully the work that he did, and his own testimony and the testimony of reputable attorneys as to the amount and character of the work, as shown in the hypothetical case stated, tends to prove that the services rendered would be worth the sum of $500.

But, if we are mistaken in our conclusion on this issue, we are convinced that the chancellor erred in not holding that there was an accord and satisfaction.

The appellee Halter admits, in his testimony, that he received the statement contained in the letter of May 6, 1913, in which Longstreth set forth the account, as he understood it, between himself and Halter. He also admits this in this same letter he received a check for $50. This check was drawn on the Faulkner County Bank, in favor of Halter or order, and was signed by Longstreth, and stated on the margin that it was for "balance on loan," and was indorsed "Paid, July 11, 1913." The statement and letter accompanying this check show plainly that appellant Longstreth intended it as a payment of the balance which he conceived to be due appellee Halter. The statement contains an account not only of the amount due on the note, but also other items of indebtedness from Longstreth to Halter, together with a statement of credits, showing payments theretofore made, which, with the amount claimed for services, would leave a balance due the appellee Halter of $50. This letter and the statement and the check show conclusively that the $50 check was intended by Longstreth to balance the account between him and Halter and that Halter knew that it was so intended, and yet he made no reply to the letter denying the correctness of the statement, or the charge made by Longstreth for his services, and did not protest against receiving the check in payment of the account as same was stated by Longstreth, and did not return the check, but, on the contrary, presented the check for payment and received the money thereon.

The acceptance and collection of the check by appellee Halter without remonstrance or explanation, was, un-

der the circumstances, an accord and satisfaction, and brings this case within the doctrine of the cases set out in 1 R. C. L., p. 196, section 32, as follows: "When a claim is in dispute and a debtor sends to his creditor a check or other remittance which he clearly states is in full payment of the claim and the creditor accepts the remittance or collects the check, without objection, it is generally recognized that this will constitute a good accord and satisfaction." *Barham* v. *Bank of Delight,* 94 Ark. 158. See *Cunningham Com. Co.* v. *Rauch-Darragh Grain Co.,* 98 Ark. 269; *Barham* v. *Kizzia,* 100 Ark. 251.

It was the duty of appellee Halter, on the receipt of this letter containing the statement of account and check, if he did not intend to approve the statement and to accept the check in settlement according to such statement, within a reasonable time to notify appellant Longstreth of that fact and to return to him the check. 1 Corp. Jur., pp. 563-4, section 87. Halter was advised by this letter, statement and check that Longstreth was expecting that the value of the services which he claimed to have rendered Halter in the capacity of an attorney would be accepted by the latter and allowed as an off-set on the mortgage debt. Halter having cashed the check, must be held, under the circumstances, to have accepted Longstreth's version of the account and to have received the services rendered in payment *pro tanto* of the mortgage debt.

In *Lamberton* v. *Harris,* 112 Ark. 503, we said: "The performance of services by the debtor for the creditor which are received and accepted by the creditor in satisfaction of his debt, and which are of benefit to him, no matter how small the value may be, is a sufficient consideration to support an accord agreement."

The decree is therefore reversed and the cause remanded with directions to dismiss the complaint for want of equity.