O'LEARY *v.* KEITH.

Opinion delivered April 22, 1918.

1.  EVIDENCE—BREACH OF CONTRACT—SALE OF APPLES.—In an action for the balance of the purchase price of certain apples, *held,* testimony by one of the seller's packers that the apples were properly packed is admissible.

2.  SALES—APPLES—ACCORD AND SATISFACTION.—A. sold apples to B., and B., claiming a shortage, sent A. a check deducting a certain amount from the contract price. A. accepted the check and sued for the difference. *Held,* under the facts that the court was not warranted in instructing the jury as a matter of law, that the undisputed evidence constituted a complete accord and satisfaction.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

*Cohn, Clayton & Cohn* and *Jeff R. Rice,* for appellant.

1.  J. H. Keith's testimony as to verbal communications made to the foreman was improperly admitted.

2.  A deduction of fifty cents a barrel should have been allowed on Russell Keith's testimony.

3.  The court erred in refusing instructions 1 and 2. Payment in full was made, and there was an accord and satisfaction as the checks were given ''in full payment.'' 170 S. W. 483, 49 Ark. 235; 94 *Id.* 158; 98 *Id.* 269; 100 *Id.* 251; 122 *Id.* 212.

*Mauck & Seamster,* for appellees.

1.  Keith's testimony was not prejudicial.

2.  There was no error in refusing instructions 1 and 2. There was no accord and satisfaction. 44 N. W. 2; 200 S. W. 99; 127 Mo. 616; 2 Ark. 209; 92 Fed. 968.

3.  The evidence was conflicting and the verdict is conclusive. 76 Ark. 115; 67 *Id.* 399; 75 *Id.* 111; 98 *Id.* 334; 102 *Id.* 200; 200 S. W. 790; 74 *Id.* 478; 94 *Id.* 575.

STATEMENT OF FACTS.

This action was brought by the appellee against appellant to recover a balance of $314 alleged to be due on

the purchase price of 986 barrels of apples which appellant purchased of the appellee. Appellant denied that it was due appellee any sum. It set up that it had entered into a contract with the appellee to buy eight cars of apples No. 1 and No. 2 grade; that appellant had received these cars and they were not up to the specified grade; that they were inferior in quality and the barrels lacked about four or five inches of being full and were therefore not properly packed; that while appellant was unloading the cars of apples Russell Keith, son of the appellee and his agent for the transaction of the business conducted by the appellee, appeared at appellant's place of business at Little Rock. Appellant showed Russell Keith several barrels of the apples, and the latter agreed to deduct fifty cents per barrel on the shipment on account of their inferior quality and because they were slack; that up to the time that Keith visited appellant the latter had paid all the invoice in full but thereafter appellant made deductions as agreed upon with young Keith and mailed checks to appellee in payment of each car of apples with the initial and car number on each check and that plaintiff accepted and cashed the checks without any objection. Appellant relied upon the agreement with young Keith and sold the apples on the market at a lower price by reason of such agreement; that appellee made no objection to the fifty cents per barrel deduction from the original contract price until several months thereafter, and was, therefore, estopped from making any claim on him on that account. The appellant alleged that he had been damaged, by reason of the inferior quality and slack packing, in a greater sum than the amount deducted in the agreement with young Keith and that the appellee was, therefore, not entitled to recover any amount whatever from him.

The undisputed evidence shows that the appellee sold to appellant eight cars of apples on which appellant made complete payment as to two. On the other six cars he deducted fifty cents per barrel. The testi-

mony on behalf of the appellant tends to prove that this deduction was made by agreement with the appellee through his son, who was acting as appellee's agent or partner. Testimony on behalf of appellant tends to prove that Russell Keith visited Little Rock and upon being shown the apples agreed that they were short in quantity and inferior in quality, and for that reason made the deduction; that appellant remitted to appellee the full amount of the invoices on the six cars less fifty cents per barrel. The remittances were by separate checks for each car load, having in the left hand corner of the check the number of the car. Each statement sent and attached to the check had the corresponding number of the car. On each statement appellant had expressly stated that the check was in payment of the invoices and appellant requested an acknowledgment of the receipt of the check. The appellee admitted receiving the statements and knew prior to receiving them that his son Russell had had a controversy with appellant in regard to the apples.

The testimony on behalf of the appellee tended to prove that Russell Keith was not his agent or partner and was not authorized by appellee to make any deductions from the contract price for the apples; that the apples were of the quality and were packed in such manner as to show that the appellee did not break his contract. The testimony on behalf of the appellee also tended to show that appellee while receiving the checks did not make any acknowledgment to appellant of the receipt of same and he did not accept the same in full payment and satisfaction of the amount claimed by him to be due from appellant on the contract.

The court instructed the jury, stating the issues, and told them that the burden was upon the plaintiff (appellee) in the whole case to show his right to recover and the extent of his recovery by a preponderance of the evidence, and that the burden was upon the defendant (appellant) to prove that Russell Keith was the agent of the

appellee, and that he as such agent agreed with defendant to deduct fifty cents per barrel for want of proper grade and packing, and also to prove that there was a settlement in full by accord and satisfaction.

The court also gave the following instructions, to which appellant offered no objections:

.    "If you find from a preponderance of the evidence in the whole case that plaintiff in all things substantially complied with his said alleged contract with defendant, then you will find for the plaintiff the amount sued for; unless you further find that Russell Keith as agent of J. H. Keith agreed with defendant that he, defendant, might deduct from the contract price the per cent. as alleged by defendant; or that plaintiff knowing that the contract was or would be in dispute accepted and cashed checks for a lesser sum which showed, or gave him to understand, that it was intended for settlement in full by defendant.   In which event if you so find your verdict should be for defendant."

"The jury is instructed that where a sum of money is paid in satisfaction of disputed claims (if you find this was a disputed claim) and the tender is accompanied by such acts and declarations as amount to a condition that if the amount is accepted it is accepted in full satisfaction or is such that if the party is bound to understand therefrom, or is such that if he takes it he takes it subject to such conditions, then the acceptance constitutes an accord and satisfaction of his claim in full, and he could not recover a further sum."

The appellant asked the court to instruct the jury to find the issues in its favor, which the court refused. Appellant duly excepted. The appellant also asked the court to instruct the jury as follows:

"The court instructs the jury that if you find from a preponderance of the evidence that the defendant contracted with the plaintiff for the delivery of a certain amount of apples, and that a controversy as to the price to be paid arose, and the defendant mailed plaintiff

checks for certain amounts with invoices which stated that said checks were in payment of the invoices therein, and that said invoices covered all apples delivered to defendant, and that defendant accepted and cashed said checks, then this would be an accord and satisfaction and your verdict should be for the defendant." The court refused and defendant duly excepted.

The court then gave the following instruction, at appellant's instance:

"The court instructs the jury that if you fail to find an accord and satisfaction between the parties, or if you fail to find that Russell Keith, acting as an authorized agent of plaintiff, made an agreement to deduct a certain amount from the original purchase price, but if you should find that plaintiff shipped to defendant apples which were defective, inferior in grade, or were slack in pack and plaintiff contracted to ship apples of a better grade and pack and that defendant is damaged thereby then the defendant would be entitled to a set-off in the amount he is damaged, not to exceed the amount in controversy herein, and the burden of proof is on the plaintiff to show compliance with said contract before he can recover."

Plaintiff duly excepted.

The jury returned a verdict in favor of the appellee for $314. This appeal is from a judgment in appellee's favor in that sum.

WOOD, J., (after stating the facts). There was a sharp conflict in the evidence as to whether the apples delivered by the appellee to the appellant, under the contract of purchase, were of such quality and grade, and whether they were packed in such manner, as to comply with the contract. The issue, therefore, as to whether the appellee had broken his contract in these respects was one of fact for the jury and was submitted under correct instructions. The verdict against the appellant is, therefore, conclusive here. *Moore* v. *Thomas*, 132 Ark. 97.

The testimony of appellee to the effect that he had instructed his packers to do an extra good job, because the purchaser was not there to look after it himself and that they promised to do it, was not prejudicial to the appellant. This testimony only tends to prove that the packers had been directed to do their work properly. One of the packers testified, without objection from appellant, that he had been thus instructed by Earl Keith and Russell Keith and that he always did that. It does not occur to us that the above testimony tended to add any additional weight or force to the testimony already adduced without objection. The jury would not likely have given any additional weight to the testimony tending to show that the apples had been properly packed.

Appellant's prayer for instruction No. 2 was fully covered by the court's instructions 4 and 5. Appellant contends that the undisputed evidence shows that there was an accord and satisfaction and that the court should have so instructed the jury. To sustain his contention he cites the following cases: *Wilkes* v. *Slaughter*, 49 Ark. 235; *Barham* v. *Bank of Delight*, 94 Ark. 158; *Cunningham Com. Co.* v. *Rauch-Darragh Grain Co.*, 98 Ark. 269; *Barham* v. *Kizzia*, 100 Ark. 251; *Longstreth* v. *Halter*, 122 Ark. 212.

These cases hold in effect that, "When a claim is in dispute and a debtor sends to his creditor a check or other remittance which he clearly states is a full payment of the claim and the creditor accepts the remittance or collects the amount of the check without objection, this constitutes a good accord and satisfaction." Syllabus *Longstreth* v. *Halter, supra.*

But the court was not warranted in instructing the jury as a matter of law that the undisputed evidence, in the instant case, constituted a complete accord and satisfaction. It was an issue for the jury under the evidence as to whether the payment made by the appellant and accepted by the appellee constituted an accord and satisfaction. The issue was submitted under instruc-

tions which declared the law applicable to the facts and which were in conformity with the law as announced in the above cases, upon which the appellant relies.

There is no reversible error and the judgment must be affirmed.