AMERICAN INSURANCE UNION *v.* WILSON.

Opinion delivered February 7, 1927.

1. ACCORD AND SATISFACTION—CHECK MARKED "PAYMENT IN FULL."——Where a debtor sends a check to his creditor to apply upon a disputed claim, bearing upon its face a statement that it is a payment in full, the reception and collection of the check by the creditor renders it an accord and satisfaction of the debt.

2. ACCORD AND SATISFACTION—ACCEPTANCE OF CONDITIONAL CHECK.—Where an insurer tendered the beneficiary in a policy a check stating that it is in full payment of the amount due under the benefit certificate, which amount was in dispute, and the beneficiary accepted and cashed the check with full knowledge of the condition attached, an accord and satisfaction was completed, though the beneficiary wrote to the insurer that the check was not accepted in full payment, but only in part payment.

3. ACCORD AND SATISFACTION—LIQUIDATED CLAIM.—The term "liquidated," when used in connection with the subject of accord and satisfaction, has reference to claims which the debtor does not dispute.

Appeal from Calhoun Circuit Court; *W. A. Spear,* Judge; reversed.

STATEMENT OF FACTS.

C. C. Wilson sued the American Insurance Union to recover the sum of $636.65, alleged to be due him upon a life insurance policy. The suit was defended upon the ground that the defendant only owed the plaintiff the sum of $363.35 under the terms of the policy; that the defendant had paid the plaintiff this sum of money, and that the latter had accepted it as payment in full of his claim against the former.

The record shows that W. A. Wilson obtained a benefit certificate of life insurance from the Mutual Relief Union of Fort Smith, Arkansas, on October 10, 1916. On April 1, 1918, said company merged with the Home Protective Association of Springdale, Arkansas, while W. A. Wilson was still a member. By the terms of the merger the Home Protective Association assumed liability under the certificates of the Mutual Relief Union. On November 1, 1918, the Home Protective Association was merged into the American Insurance Union. A con-

tract was entered into by these two companies which provided, among other things, that the American Insurance Union should not be liable to the holders of benefit certificates in the Home Protective Association in excess of the net amount realized from one assessment on the members of the roll of which he was a member in the Home Protective Association, after deducting his proportionate share of the expense of operation.

According to the evidence of the defendant, a copy of this agreement fixing the liability of the American Insurance Union to the owners of benefit certificates of the Home Protective Association was mailed to the owners of certificates in the Home Protective Association. The American Insurance Union sent a copy of said contract to W. A. Wilson for the purpose of attaching the same to his benefit certificate and becoming a part thereof.

According to the testimony of C. C. Wilson, W. A. Wilson was his father, and lived with him at the time the defendant claims to have sent said contract to be attached to his benefit certificate. The plaintiff opened all his father's mail, and knows that he did not receive said contract.

After W. A. Wilson died, proof of his death was made to the American Insurance Union by C. C. Wilson, the beneficiary named in the policy. On February 21, 1923, the American Insurance Union mailed a check from its home office at Columbus, Ohio, to C. C. Wilson of Tinsman, Arkansas, the body of which is as follows: "Pay to the order of C. C. Wilson, son, $363.35, the sum of 363 and 35 cents. For amount due C. C. Wilson, beneficiary of W. A. Wilson, certificate No. 10 H. P. 185, chapter No. 2200, Springdale, Arkansas, said amount being in full and satisfactory settlement of all claims accrued or to accrue."

This check was inclosed with a letter of the same date which is as follows: "In re: Payment of benefits due under certificate held by W. A. Wilson.

"Inclosed herewith you will find our voucher No. 6605 for $363.35, payment in full for benefits due under certificate No. 10 H. P. 185 held by W. A. Wilson.

"The Home Protective Association of Springdale, Arkansas, was taken over by the American Insurance Union in January, 1919. The rider-contract attached to the certificate of W. A. Wilson, in which you are named as beneficiary, provides in paragraph 3 of said rider that the American Insurance Union is not to be liable under the attached certificate in excess of the amount realized from one assessment on the members of the roll in which he was a member in the Home Protective Association, after deducting his proportionate share of the expense of operation.

"A copy of the rider-contract is herewith inclosed, and your special attention is called to the marked portion thereof. Said member died on the 16th day of December, 1922. The total amount of the assessment received from the members of roll No. 10 for the said month of December, 1922, the month in which the member died, amounts to $436.02, less the reduction of one-sixth allowed under said merger contract for expenses, leaves the balance of $363.35, the amount due you as beneficiary under said certificate.

"Please sign the inclosed receipt and return same to us in the inclosed self-addressed envelope."

C. C. Wilson received the check and the letter accompanying it, and wrote to the American Insurance Union that he could not accept the check in full payment of the amount due him under the benefit certificate, but that he would accept it as part payment due on his policy of $1,000, and on the same day cashed the check and converted the proceeds to his own use. This letter was written about five days after he had received the check from the defendant. When the plaintiff first received the check, he wrote the defendant that he had received it, but that he could not accept the amount of it as the

total payment under the policy, and that he was not going to cash it until he heard from them.

The jury returned a verdict for the plaintiff in the sum of $636.65, the amount sued for. From the judgment rendered the defendant has duly prosecuted an appeal to this court.

*T. E. Helm,* for appellant.

*J. S. McKnight,* for appellee.

HART, J., (after stating the facts). Regardless of whether the American Insurance Union owed C. C. Wilson $1,000, the face of his benefit certificate in the Home Protective Association, or whether it only owed him $363.35, as claimed by the defendant under the rule announced in *Knight* v. *American Insurance Union, ante,* p. 303, the judgment in the case at bar was wrong, because the defendant tendered the plaintiff the sum of $363.35 in full payment of the amount due under the benefit certificate and the plaintiff accepted the check and cashed it with full knowledge of the condition attached to it. The law is well settled in this State that, where a debtor sends a check to his creditor to apply upon a disputed claim, bearing on its face a statement that it is a payment in full, the reception and collection of the check by the creditor renders it an accord and satisfaction of the debt. *Barham* v. *Bank of Delight,* 94 Ark. 158, 126 S. W. 394, 27 L. R. A. N. S. 439, and *Cunningham Co.* v. *Rauch-Darragh Grain Co.,* 98 Ark. 269, 135 S. W. 831.

In these cases, as in the case at bar, it was urged by counsel for the plaintiffs that, inasmuch as the plaintiffs immediately wrote to the defendant that the check was accepted only in part payment of the debt, this was conclusive evidence that the plaintiffs did not agree to the accord and satisfaction of the demand.

In the first case cited, in answer to this contention, the court said: "But, if the offer of payment was made upon condition and the plaintiffs so understood it, there was but one of two course open to them, either to decline the offer and return the check, or to accept it with the condition attached. The moment the plaintiffs indorsed the

check and collected it, knowing that it was offered only upon a condition, they thereby agreed to the condition, and were estopped from denying such agreement. It was then that the minds of the parties met, and the contract of accord and satisfaction was complete in law.''

Again, in the second case cited, it was held that, where a debtor sends a check to his creditor, bearing upon its face a statement that it is a payment in full, the reception and collection of the check by the creditor renders it an accord and satisfaction of the debt; and it is immaterial that the creditor wrote the debtor stating that the check was not accepted as a settlement, where no offer was made to return the check if desired by the debtor.

The reason is that the plaintiff could only accept the money upon the terms offered, which was in full settlement of his demand. He could not accept the benefit and refuse the condition. If the plaintiff was not satisfied with the sum paid him, good faith required him to refuse to accept the money, to return it to the defendant, and to bring suit for the amount he claimed to be due him. By accepting the smaller sum, which was tendered upon condition that he receive it in full payment of his demand, the plaintiff is estopped from denying the agreement.

The plaintiff in the case at bar was fully informed in the letter which accompanied the check of the condition imposed upon him and the grounds upon which the defendant imposed it. This is not a case of a liquidated claim which cannot be discharged by payment of less than it face value. The term ''liquidated,'' when used in connection with the subject of accord and satisfaction, has reference to a claim which a debtor does not dispute. *Schnell* v. *Perlman,* 238 N. Y. 362, 144 N. E. 641, 34 A. L. R. 1023; and *Chicago, Milwaukee, etc. Rd. Co.* v. *Clark,* 178 U. S. 353, 20 S. Ct. 924.

Later cases from this court recognizing the rule are *Pekin Cooperage Co.* v. *Gibbs,* 114 Ark. 558, 170 S.

W. 574, and *Collier Commission Co.* v. *Wright,* 165 Ark. 338, 264 S. W. 942, and cases cited.

The plaintiff, having accepted the check and cashed it, must be deemed also to have accepted the condition attached to it, which was that it was in full settlement of the amount due by the defendant to the plaintiff under the benefit certificate. The undisputed evidence shows that there was a *bona fide* dispute as to the amount due under the benefit certificate, and the payment of a smaller sum in satisfaction of the entire claim was a sufficient consideration for the release of the balance of the amount claimed.

The result of our views is that the judgment must be reversed, and, inasmuch as the plaintiff has cashed the check and used the proceeds, his cause of action will be dismissed here. It is so ordered.