MARKET PRODUCE COMPANY *v.* HOLLAND.

Opinion delivered May 4, 1931.

*R. S. Dunn,* for appellant.

*Williams & Williams,* for appellee.

SMITH, J. This litigation arose out of the sale of twenty-five cases of eggs to appellant by appellee, which were delivered at Mansfield, Arkansas, and carried by appellant therefrom in a truck to Shreveport, Louisiana, a distance of 230 miles. This trip was made on a very hot day, over a road in which there were several detours, and when the eggs reached Shreveport and were there inspected many of them were in bad condition. When appellant discovered the unsalable condition of many of

the eggs, he called appellee over the long distance telephone, and the parties discussed the condition of the eggs, but they differ as to the settlement arrived at in their conversation over the telephone.

At the trial from which this appeal comes, appellee testified that the eggs were in good condition when delivered at Mansfield, while appellant testified that the condition of the eggs when they reached Shreveport was such as to demonstrate that their condition was bad when they were delivered at Mansfield. This issue of fact was submitted to the jury and is concluded by the jury's verdict.

The eggs were sold at $5.75 per case, which made the contract price for the entire 25 cases $143.75, and suit was brought for this amount, less a credit of $66.26, and from a judgment for that amount is this appeal.

After the telephone conversation, and pursuant to it, as appellant contends, a statement of the condition of the eggs, as disclosed by this inspection, was prepared, which reads as follows:

"237 Doz. No. 1 eggs at $5.75 per case........$45.42
193 Doz. No. 2 eggs at $3.25 per case......... 20.84
318 Doz. Rotts ............................................................ ............

Total ....................................................................$66.26"

This statement was attached to a check, upon the upper left-hand corner of which this notation was printed, in small type:

"This check is in settlement of the following account, if incorrect please return without alteration."

Appellee, plaintiff below, testified that he did not read this notation, but he did not deny knowing that the check had been tendered in full settlement of the account for the eggs.

After receiving this statement, with the check attached, appellee sent appellant a telegram reading as follows:

"I am returning you check and drafting in full as per agreement, letter following."

But appellee did not return the check, as the telegram stated. On the contrary, he consulted his attorney, who advised him to cash the check and sue for the balance due on the eggs, and this he did. This advice was upon the assumption that appellee had delivered the eggs of the quality contracted for at Mansfield, and that there was no *bona fide* controversy as to the amount due.

But there was a controversy about the amount due, and, while the verdict of the jury reflects that appellant was wrong in its contention, the fact remains that there was a controversy. The telephone conversation, the telegram, and the fact that appellee advised with his attorney before cashing the check, are conclusive of that fact.

We have therefore the case of a party who contends that he owed a certain amount, and no more, and who furnished a statement of the account owing to the other party in accordance with his contention, and, in satisfaction of this disputed account, attached thereto a check as payment in full. After wiring appellant that the check would not be accepted as payment, appellee cashed it and gave credit for the amount thereof on the account as he contended it should be stated. This he could not do. He had the option of accepting the check as tendered, or of returning it as he stated in his telegram that he had done, and when, under these circumstances, the check was cashed and its proceeds appropriated, appellee estopped himself from denying that the account had been paid in full.

Our leading case on the effect of the acceptance of a sum less than the amount claimed in settlement of a disputed account is that of *Barham* v. *Bank of Delight,* 94 Ark. 158, 126 S. W. 394, 27 L. R. A. (N. S.) 439, where it was said: "It is true that, in order to constitute an accord and satisfaction, it is necessary that the offer of the payment should be made by one party in full satisfaction of the demand, and should be accepted as such by the other. But when the claim is disputed and unliquidated,

and a less amount than is demanded is offered in full payment, the question as to whether the creditor in such case does so agree to accept the amount offered in full satisfaction of his demand is a mixed question of law and fact. If the offer or tender is accompanied by declarations and acts so as to amount to a condition that, if the creditor accepts the amount offered, it must be in satisfaction of his demand, and the creditor understands therefrom that, if he takes it subject to that condition, then an acceptance by the creditor will estop him from denying that he has agreed to accept the amount in full payment of his demand. His action in accepting the tender under such conditions will speak, and his words of protest only will not avail him.''

The doctrine of that case has been reaffirmed and followed in numerous subsequent cases. *Barham* v. *Kizzia,* 100 Ark. 251, 140 S. W. 6; *Cunningham* v. *Rauch-Darragh,* 98 Ark. 269, 135 S. W. 831; *Emerson* v. *Stevens Grocer Co.,* 95 Ark. 421, 130 S. W. 541; *Pekin Cooperage Co.* v. *Gibbs,* 114 Ark. 559, 170 S. W. 574; *Longstreth* v. *Halter,* 122 Ark. 212, 183 S. W. 177; *Mosaic Templars* v. *Austin,* 126 Ark. 327, 190 S. W. 571; *O'Leary* v. *Keith,* 134 Ark. 36, 250 S. W. 518; *Beeson* v. *Brewer,* 158 Ark. 512, 250 S. W. 518; *American Ins. Union* v. *Wilson,* 172 Ark. 841, 291 S. W. 417.

We conclude therefore that under the undisputed evidence in this case the verdict should have been directed in appellant's favor, and for the error in not so doing the judgment in appellee's favor will be reversed, and the cause dismissed. It is so ordered.