MOSAIC TEMPLARS OF AMERICA *v.* AUSTIN, GUARDIAN.

Opinion delivered December 18, 1916.

1. ACCORD AND SATISFACTION—PAYMENT AND ACCEPTANCE OF PART OF AMOUNT DUE—POLICY OF LIFE INSURANCE.—A life insurance society owed the beneficiary under a policy the sum of $100.00, there being no dispute as to the amount due. The beneficiary accepted in payment a voucher ambiguously drawn, covering a payment of $50.00 and reciting that it was in full payment of the beneficiaries' claim. The beneficiary testified that he did not intend to accept $50.00 in settlement of the claim. *Held,* under the evidence that the account was not an account stated, and that the beneficiary could recover the balance due on the policy.

2. ACCORD AND SATISFACTION—RULE.—In order to constitute an accord and satisfaction, it is necessary that offer of the payment should be made by one party in full satisfaction of the demand, and should be accepted by the other as such.

3. ACTIONS—ACTION BROUGHT IN EQUITY COGNIZABLE AT LAW—PRACTICE.—Where in an action to recover on a policy of life insurance, in equity; the defendant merely asked that the complaint be dismissed, and did not ask for a transfer to law, there being no ground for dismissing the complaint, defendant cannot complain on appeal because the cause was not transferred.

Appeal from Hot Spring Chancery Court; *J. P. Henderson*, Chancellor; affirmed.

*E. H. Vance, Jr., Scipio A. Jones* and *Thomas J. Price*, for appellant.

1. The check received was *in full payment.* By retaining the check stating that it was payment in full, the creditor rendered it an accord and satisfaction of the debt. 98 Ark. 271. He is now estopped. 94 Ark. 159; 1 Corp. Jur. par. 81; 100 Ark. 251.

*R. S. Bowers*, for appellee.

1. There was no accord and satisfaction. 56 Ark. 43; 100 *Id.* 252; 49 Mo. 556. There was no compromise 93 Ark. 353; 121 S. W. 774.

2. A minor cannot be deprived of his money through fraud. 69 Ark. 431; 76 *Id.* 400.

3. The findings of the Chancellor are supported by the evidence. 67 Ark. 287; 68 *Id.* 314.

Smith, J. This suit was brought against appellant by the guardian of the beneficiary of a policy of insurance issued by the appellant company. It was alleged that the policy or certificate was issued for the sum of $100.00, but that only $50.00 had been paid thereon. A demurrer to this complaint was overruled, whereupon appellant answered and alleged that the policy showed upon its face that it had been surrendered and satisfied by the acceptance of a check for $50.00, and there was an allegation that the chancery court in which the suit had been brought had no jurisdiction and a prayer for the dismissal of the complaint on that account. The guardian of the beneficiary, who was the husband of the insured, testified that he endorsed a certain voucher check which contained the following recitals:

"Voucher check. Notice. If any part of this check is detached it is void and must not be paid. If any parties' names hereon are minors the bank must require

guardianship papers and require the guardian to sign on behalf of the minors.

"J. E. Bush, National Grand Scribe.

"Mosaic Templars of America, August 17, '15, No. 5474.

"Upon the payee executing in ink the receipt on the back of this voucher check, on demand, pay to the order of James Austin, Guardian for Lucile Austin, Fifty Dollars, $50.00.

"Signed,   J. E. Bush,
"National Grand Scribe, M. T. A.
"To the England National Bank,
"Little Rock, Ark.

"If not correct return without alteration and state difference.   Make all endorsements below.   Received the amount stated in this voucher check in full payment of the within account.

Signed,   James Austin, Guardian,
"for Lucile Austin, Payee.

"Date 8-17-15.         Description.   •         Amount.
"Claim No. 926, Beneficiary of
Jane Austin, deceased, check mailed
to M. M. Anthony, W. S., Malvern,
Arkansas.

"Endorsed: Paid Aug. 20, 1915.
"England National Bank,
"Little Rock, Arkansas."

He also testified that there was no controversy as to the amount due and that he supposed the recital in the voucher that the sum received was "in full payment of the within account" referred to the voucher itself and was a mere part payment of the amount due on the policy. That the writing signed by him did not state it was in satisfaction and payment of the policy and he did not know it was so intended. He further testified that the check was delivered to him by the secretary of the local chamber of which his wife had been a member; that it was the business of the secretary to collect the dues of the members and make remittances thereof, and when the attention of this officer was called to the

amount of the check she stated that this was probably a mere mistake or was intended as a partial payment and that the balance would no doubt be paid later. The secretary testified that it was her business to deliver policies to those who became members of the chamber of which she was secretary and to collect and remit all dues to the grand lodge, and that all dues on this policy had been paid and remitted, and that no one had ever written to her as secretary that the claim would not be paid in full, and that the letter to her accompanying the check contained no intimation of the company's intention to pay only $50.00. She testified that she understood the check to be a mere partial payment of the policy and so advised appellee when she delivered the check. She also testified that some one had given her the policy, but appellee had not done so and that it was not in his possession at the time of the death of the insured and that her assistant sent the policy to J. E. Bush, the National Grand Scribe of the Order, at his request, and that appellee made no endorsement of any kind on the policy, nor was he asked to do so. The policy was endorsed "Paid in full for $50.00. Policy surrendered and cancelled this August 17, 1915," but this endòrsement was signed by J. E. Bush, and not by the beneficiary, nor by any one professing to act for her.

A decree was entered for the balance due, and this appeal has been duly prosecuted.

(1-2.) Counsel for appellant cite us to our own and other cases which hold that a check tendered in payment of a disputed claim, which recites that it is tendered as payment in full, becomes an accord and satisfaction of the debt when the check is retained and collected, and that this is true even though the creditor immediately writes that it will not be so accepted. A recent case involving the principle here sought to be applied is that of *Pekin Cooperage Co.* v. *Gibbs*, 114 Ark. 559, in which case we quoted from the case of *Barham* v. *Bank of Delight*, 94 Ark. 158, the following statement of the law:

"It is true that, in order to constitute an accord and satisfaction, it is necessary that the offer of the payment should be made by one party in full satisfaction of the demand, and should be accepted as such by the other. But when the claim is disputed and unliquidated, and a less amount than is demanded is offered in full payment, the question as to whether the creditor in such case does so agree to accept the amount offered in full satisfaction of his demand is a mixed question of law and fact. If the offer or tender is accompanied by declarations and acts so as to amount to a condition that if the creditor accepts the amount offered it must be in satisfaction of his demand, and the creditor understands therefrom that if he takes it subject to that condition, then an acceptance by the creditor will estop him from denying that he has agreed to accept the amount in full payment of his demand. His action in accepting the tender under such conditions will speak, and his words of protest only will not avail him."

We reaffirm the doctrine of that case; but we think the principle there announced is not controlling here. There was no dispute as to the amount due, and it is not now contended that appellee was entitled to receive only $50.00. The language of the voucher is somewhat ambiguous, especially in view of the fact that no surrender or cancellation of the policy was required by the local secretary as a condition for the delivery of the check. Under these circumstances we think the court correctly held that there was no accord and satisfaction of this demand.

(3.) This case should have been brought at law, but that was not ground for dismissing the complaint. Appellant did not ask that the cause be transferred to the law court. His prayer was that the complaint be dismissed, and as he was not entitled to the relief asked he is in no condition to complain that the cause was not transferred to the law court because he did not ask that this be done.

Finding no error the decree is affirmed.