## GEO. A. MOORE & CO. v. ARMOUR & CO. et al. (No. 6463.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 11, 1920.)

**I. Sales ⊂⇒170 — Shipping goods to seller's order instead of as directed held breach of contract releasing buyer.**

Where defendant, after negotiations with plaintiff for the purchase of beans, wired that they would accept one carload and to ship them to A. & Co. on bill of lading with draft attached, plaintiff breached the contract by shipping them to its own order with no instructions to the carrier to notify any one of their arrival, resulting in the intended consignee not receiving them for some time, and could not insist on defendant being bound by the contract.

**2. Sales ⊂⇒161 — Shipping goods to seller's order instead of as directed held to prevent consummation of sale.**

Where a buyer ordered beans shipped to A. & Co., but the seller shipped them to its own order without instructions to the carrier to notify any one of their arrival, there was no consummated sale.

**3. Accord and satisfaction ⊂⇒11(2) — Compromise and settlement ⊂⇒5(2)—Acceptance of check sent as payment held satisfaction of debt.**

Where beans ordered by defendant from plaintiff were not shipped as directed, and defendant was therefore unable to fill its contract with a third person, and on receipt of the beans sold them and remitted the proceeds after deducting charges with a statement that the check was sent in payment of the beans, defendant's acceptance of the payment without protest satisfied the debt.

---

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Geo. A. Moore & Co., against Armour & Company and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Hal W. Greer, of Laredo, for appellant.

T. C. Mann, of Laredo, Hicks, Hicks, Dickson & Bobbitt, of San Antonio, and S. T. Phelps, of Laredo, for appellees.

FLY, C. J. Appellants instituted this suit against Armour & Co., a corporation, and the United Trading Company, a partnership composed of Ed. Kotulla and E. B. Echols, to recover damages alleged to have accrued from the breach of a contract to purchase a carload of beans at San Francisco, Cal., the same to be shipped to Armour & Co., with draft for $3,919.50, attached to bill of lading. It is also alleged that the contract allowed the United Trading Company a commission of 2 per cent. for inducing the sale. The amount sued for was the difference between the contract price and amount remitted to it from proceeds of the sale. Appellees pleaded an acceptance by appellant of $3,006.79 for the beans, and also that it breached the contract by failing to properly ship the beans. The court heard the case without a jury, and rendered judgment for appellees.

The facts are that the United Trading Company had negotiations by wire with appellant in San Francisco as to price of beans, and wired that they would accept one carload and to ship the car to Armour & Co. at Laredo, bill of lading with draft attached through Milmo National Bank. The carload of beans was not shipped as directed, but was shipped by appellant to itself at Laredo, Tex. Inquiries were made for the beans at Laredo, but they were not located because not properly shipped. They were never shipped to Armour & Co. Had the car been shipped to Armour & Co., it would have been notified by the railroad company of its arrival, but, being shipped to Moore & Co., no notice was given Armour & Co., and the car of beans was not located until March 1, 1919, although shipped on January 29. Armour & Co. had no contract with Moore & Co., but did have a contract with the United Trading Company, which the latter was unable to fill on account of the failure of Moore & Co. to comply with shipping instructions given it by the Trading Company. Armour & Co. did not breach the contract, because it had none with Moore & Co. It did all it could to locate the car of beans, but could not do so through failure of appellant to ship the beans as directed. The beans arrived at Laredo on February 9, but were not found by the United Trading Company until March 1, although great diligence was exercised by that company to locate the beans. The beans were sold by the Trading Company and the proceeds, $3,006.79, were sent to and retained by Moore & Co., and no complaint was made about the amount until this suit was filed on April 23, 1919. Geo. A. Moore & Co. having no agent in Laredo, Tex., and the carload of beans having been shipped to it, no notice was given to any one of the arrival of the beans. There was no evidence of bad faith upon the part of appellees, and no conspiracy to defraud appellant out of any sum whatever, and any loss sustained by it was the result of its own attempt to substitute another contract for the one made by it. The money, less charges, which was received for the beans by the United Trading Company, when sold under orders of appellant, was sent to appellant and accepted by it. The communication accompanying the check for the beans from the United Trading Company to appellant was as follows:

"Inclosed you will find cashier's check for $—— in payment of car of beans and also statements attached. We acted according to instructions received from you by wire."

The statement showed that the beans sold for $3,708.45, from which was deducted freight, brokerage, storage, switching and labor, loading and reloading, the whole amounting to $701.66. The check was appropriated by appellant, and it at no time repudiated the assertions in the letter or the statement until this suit was filed, over a month afterwards.

[1] There were no conclusions of fact and law, and the statement of facts fully sustains the judgment of the trial judge. Appellant breached the first contract made with the United Trading Company, and cannot insist on the latter being bound by that contract. Appellant acquiesced in the statement made by the United Trading Company and accepted their statement and check. The three assignments of error involve nothing but what is disposed of by the facts and our conclusions therefrom.

[2] Under proper circumstances a contract for the sale of specific, ascertained articles vests the property immediately in the buyer, and entitles the seller to the price. Where there are no manifestations of intention except those which arise from the sale of certain specified property at a certain price, it being ready for immediate delivery, the contract will be an actual sale unless there is something in the circumstances to evince a different intention; in other words, the circumstances may raise a question of fact for judge or jury. In this case the beans were ordered shipped to Armour & Co. at Laredo, Tex., but that order was not complied with, and the beans were shipped by appellant to itself at Laredo; no instructions being given to the railroad company to notify any one of arrival of the beans except the shipper itself. The railroad had no way of knowing to whom the beans were shipped except the consignee given in the bill of lading, and that was appellant, who had no agent to whom notice could be given. While it has been held in Robinson v. Railway, 105 Tex. 185, 146 S. W.

537, that when a boiler was purchased and shipped by rail to shipper's order the consignee could sue the carrier in his own name for damages, the title being in him, still in that case the bill of lading ordered the carrier to notify the purchaser. In this case no notice was requested, and the car of beans was not found for perhaps three weeks after they reached Laredo. Had they been shipped to Armour & Co. as agreed, the latter would have been promptly notified. The facts justified the judge in holding that the sale was not consummated. Lippman v. Jeffords, 184 S. W. 534.

[3] There was also evidence tending to show accord and satisfaction upon the part of appellant. Terms were fixed by the United Trading Company under which the check was sent to appellant, and in accepting the check it accepted the conditions. The mere acceptance of the check, without conditions accompanying, might not show accord and satisfaction, but this check was accompanied by a statement that it was in full satisfaction of the debt. As said by the Supreme Court of Arkansas in the case of Mosaic Templars v. Austin, 126 Ark. 327, 190 S. W. 571:

"If the offer or tender is accompanied by declarations and acts so as to amount to a condition that if the creditor accepts the amount offered it must be in satisfaction of his demand, and the creditor understands therefrom that, if he takes subject to that condition, then an acceptance by the creditor will estop him from denying that he has agreed to accept the amount in full payment of his demand. His action in accepting the tender under such conditions will speak and his words of protest only will not avail him."

We need not go to the extent of that case, because appellant accepted the payment under the conditions and without murmur or word of protest. It is well settled that the acceptance of a less sum than the debt, made by the payor in satisfaction of such debt, without protest of the payee, if he accepted it with the knowledge that full payment was intended, will satisfy the debt. Daugherty v. Herndon, 27 Tex. Civ. App. 175, 65 S. W. 891. The beans, at the instance of appellant, had been sold by its agent, and the proceeds appropriated by appellant. When the car was shipped appellant had been informed that rapid delivery was required.

The judgment is affirmed.

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes