## PAYNE & TIPPIN v. W. E. STEWART LAND CO.    (No. 8586.)

(Court of Civil Appeals of Texas. Dallas. Oct. 29, 1921.)

1. **Partnership** ⟺140—One partner of firm selling land authorized to contract to pay part of commission to third person for services.

One member of a firm selling lands on commission had authority to contract to pay a third person part of the entire commission in return for services rendered in aid of sales.

2. **Brokers** ⟺75—Partnership not in position to repudiate payment by owner of commission to third person.

Where partners selling lands on commission contracted with third person to pay him one-fifth the commission obtained from defendant on account of sales of real estate, and instructed defendant to pay such sum to the third person, and defendant so paid same under instructions received from its agent, the partners are in no position to repudiate such payment, whether or not there in fact existed a legal obligation on their part to pay such third person.

3. **Accord and satisfaction** ⟺11(1)—Acceptance and cashing of check an accord and satisfaction.

Where partners engaged in selling land on commission employed third person to aid in the sales, and the owner paid such third person part of the commission due the partners, and gave the latter a check for the balance as payment in full, and the check was cashed, there was an accord and satisfaction.

Appeal from Dallas County Court at Law; W. N. Coombs, Judge.

Action by Payne & Tippin against the W. E. Stewart Land Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

G. Q. Youngblood and Wiley A. Bell, Jr., both of Dallas, for appellants.

Claude M. McCallum, of Dallas, for appellee.

VAUGHAN, J. This is a suit instituted by appellants on the 28th day of February, 1920, against appellee, W. E. Stewart Land Company, a private corporation, to recover the sum of $674.04, alleged by appellants to be a balance due them on commissions on account of the sale of certain real estate for

and on behalf of appellee. Appellants' petition contained the following allegation:

"That plaintiffs sold to a Mr. T. B. Boosher 150 acres of defendant's land for the gross price of $43,500, and sold to a Mr. Jim Wallace fifty (50) acres for the gross price of $15,-000, for a total sum of $58,000, on which gross sum plaintiffs were entitled to receive as a commission 5 per cent. of said sum, to wit, the sum of $2,925, for their services as agents in procuring and consummating said deals; and that on three several dates just prior to August 8, 1919, defendant paid plaintiffs the sum of $2,250.96, leaving a balance due plaintiffs by defendants the sum of $674.-04; still balance due and unpaid on said contract."

Appellee's answer filed to said petition contained, among other things, the following plea:

"And, further answering herein, this defendant admits that it did agree to pay the plaintiffs herein a commission of 5 per cent. on all sales of land made by them for it and as stated therein, but after entering into said agreement or contract as stated by plaintiffs, said plaintiffs agreed to pay one Roy Duncan, also a land agent, 1 per cent. out of the 5 per cent. to be paid them on all said sales said Duncan assisted the plaintiff herein to make, and that after making the above agreement with said Duncan, said plaintiff herein instructed this defendant, and its duly authorized agent in Texas, to pay said Duncan 1 per cent. That before any sales were made by said Duncan, or said Duncan assisted said plaintiffs to make, said plaintiff herein came to this defendant's agent E. M. Gates, with the said Duncan, and informed defendant's agent their agreement with said Duncan, and had defendant herein to agree to said contract between Duncan and plaintiff herein, and instructed said defendant herein to pay to said Duncan the 1 per cent. as agreed upon by and between said plaintiff and said Duncan and to deduct the 1 per cent. from the 5 per cent. to be paid to these plaintiffs, and that said defendant agreed to pay same as instructed by said plaintiff, and that said Roy Duncan assisted said plaintiff herein to make the sales to the two parties as set forth in plaintiff's petition, and was entitled to his 1 per cent. on said sales, and that they paid said 1 per cent. to said Duncan and the remaining 4 per cent. to plaintiff herein, and all of said parties accepted said payment in full for all commissions due them for sales of the lands as set forth in said plaintiff's petition."

Appellants by supplemental petition demurred to said answer, and excepted specially to section 3 thereof above quoted. All of the exceptions were presented to and overruled by the court. A trial was had before a jury, which resulted in verdict being rendered for the appellee under instructions of the court. Appellants reserved bills of exceptions to the rulings of the court on which motion for new trial was predicated, filed, and overruled, and this cause is now before us on assignments of error calling into question the proceedings resulting in judgment being rendered in favor of appellee.

The evidence established the following material facts: Appellants, Tom Payne and E. M. Tippin, made and entered into a contract in writing with appellee of date November 12, 1918, whereby appellants were employed by appellee to assist appellee in obtaining purchasers for certain lands in the Rio Grande Valley of Texas, for which services appellee contracted to pay appellants 5 per cent. on all cash sales, and 2½ per cent. on all trade deals. During the months of April and May, 1919, appellants made two sales, under said contract, one to Mr. Bosher for the sum of $43,500, and one to Mr. Wallace for $15,000, the commission on said sums aggregating $2,925.00; that appellee paid appellants on account of said commission the sum of $2,250.96, and paid the balance due thereon, namely, $674.04, to Roy Duncan; that appellants and Roy Duncan had a conversation with Mr. E. M. Gates, appellee's representative and agent residing in Dallas, Tex. on July 15, 1919, during which conversation appellants agreed to give the said Roy Duncan 1 per cent. if he would assist them in getting the balance of commissions from the Stewart Land Company at once, and appellants informed said Gates to pay Duncan the 1 per cent. out of the 5 per cent. appellants were to receive.

Appellant E. M. Tippin testified to the following facts:

"It was at my suggestion that the company [referring to W. E. Stewart Land Company] employed Mr. Tom Payne. We were equal partners in the contract with the W. E. Stewart Land Company. I know Roy Duncan; he is also agent for the company. I located the customers Mr. Bosher and Mr. Wallace, and helped close the deals. I did agree to give Duncan 1 per cent. of our commissions if Duncan would assist us to get a settlement with the company, and we told Gates to pay him 1 per cent. of our 5 per cent. This conversation occurred in Mr. Gates' office in Dallas, Tex. Mr. Payne was talking about bringing a suit, and I wanted to avoid it. I do not make any further claim against said company [referring to W. E. Stewart Land Company]. It has paid the full 5 per cent., 4 per cent. to us [meaning Tom Payne and E. M. Tippin] and 1 per cent to Roy Duncan, but Mr. Tom Payne does claim the balance of his."

E. M. Gates testified:

"I am agent for the Stewart Land Company at Dallas, Texas. I know Payne & Tippin and Roy Duncan. They all came to my office one day, I believe about July 15, 1919, and stated that they among themselves had agreed to allow Duncan 1 per cent. commission out of the Payne & Tippin contract, and that the company should pay Tippin & Payne 4 per cent. and Duncan 1 per cent. on all of the deals made under the Payne & Tippin contract, and that Duncan was to receive 1 per

cent. of the commission due on the sales made to Bosher and Wallace by Tippin & Payne. All the commissions due on the Payne & Tippin contracts have been paid; 4 per cent paid to Tippin & Payne and 1 per cent. paid to Duncan. I authorized the company [referring to W. E. Stewart Land Company] to pay Duncan the 1 per cent."

Appellant Tom Payne testified as follows:

"I did not receive our check covering the 4 per cent. commission until the latter part of August, 1919. We received the check at that time and cashed it. * * * I received a check from the company [referring to W. E. Stewart Land Company] for the balance due us of 4 per cent., and we accepted it and cashed it and used the money. It was about six weeks from the time we had the conversation with Mr. Gates in Dallas until we got the check for the balance due us."

Witness further testified that he identified "a copy of a letter received by him from the W. E. Stewart Land Company some time about the last day of August, which read as follows:

"Kansas City, August 1, 1919. Messrs. Tippin & Payne, Terrell, Texas. Replying to your letter of July 16, in regard to sending you check for the balance due you of 4 per cent. commissions on sale of lands by you, will say that Mr. Stewart is out of the city at this time, and just as soon as he returns, check will be forwarded to you for the amount stated in your letter, for the balance due you on said sales. Mr. Stewart will be back about the last of this week or the first of next, when said check will be forwarded."

[1, 2] The trial court did not err in overruling appellants' general and special exceptions addressed to appellee's answer, as the allegations therein contained presented a meritorious defense to appellants' cause of action. The plea of payment urged by appellee was fully sustained by the evidence above quoted, the proof showing that the entire sum had been paid as alleged in said plea, which was a complete discharge of the entire sum of money claimed by appellants in this suit. Either one of the appellants representing and acting for the partnership of Payne & Tippin as such partner had the authority to make the contract with Roy Duncan to pay him one-fifth of the entire commission due appellants on account of the sales of real estate made to Vosher and Wallace, and E. M. Gates, appellee's agent, having been instructed by each one of the appellants to pay said sum to Roy Duncan, and the appellee having so paid same under instructions received from its said agent, the appellants are not now in any position to repudiate such payment, whether or not there in fact existed a legal obligation on the part of appellants to pay Roy Duncan said sum.

[3] There is another phase of the case, namely, the acceptance by appellants without protest of the last check received by appellants from appellee as being in payment of the full amount due them, that is, appellee sent such final check to appellants as being in full settlement of the amount of commissions due them. This was accepted without protest, cashed, and the money appropriated by appellants. This, in our judgment, was sufficient to authorize the court to instruct the jury to return verdict for appellee. This conclusion, we think, is fully justified by evidence above quoted, and by the following authorities: George A. Moore &. Co. v. Armour & Co. et al., 226 S. W. 689; Daugherty v. Herndon, 27 Tex. Civ. App. 175, 65 S. W. 891; Bergman Produce Co. v. Brown, 172 S. W. 554; Clopton v. Caldwell County, 187 S. W. 400.

The above authorities amply justify our conclusion that appellee's plea of accord and satisfaction was fully established by the proof, and, there being no effort to avoid the effect of such settlement by plea of confession and avoidance, the trial court did not err in instructing the jury to return a verdict for appellee.

Not finding any reversible error in the proceedings complained of, the judgment of the lower court will therefore be affirmed.