CANNON *v.* HOPE FERTILIZER COMPANY.

Opinion delivered February 20, 1928.

1. CORPORATIONS—FAILURE TO FILE ANNUAL REPORT—LIABILITY OF OFFICERS.—In a suit against the administratrix of the secretary of a corporation to enforce the statutory liability for failure to file the annual report required by Crawford & Moses' Dig., §§ 1715, 1726, a recovery against the estate was warranted, where it was shown that the company was a corporation, that its officers failed to file an annual report, and that during the period of such default the indebtedness was incurred, and that intestate was at the time the secretary of the corporation.

2. CORPORATIONS—PROOF OF OFFICIAL CAPACITY.—In a suit by the creditors of a corporation to enforce the statutory liability of the president and secretary for failure to file the annual report required by Crawford & Moses' Dig., §§ 1715, 1726, checks drawn by defendant as president, to which she signed the name of her husband as secretary, which checks were charged to the account of the corporation, *held* admissible as tending to show that defendant was president of the corporation during the period it defaulted in making its report.

3. EVIDENCE—COPIES OF FRANCHISE TAX RETURNS OF CORPORATION.—Authenticated copies of the franchise tax returns by defendant's deceased husband as secretary of the corporation and by defendant as president, *held* admissible to show their official capacity in a suit to enforce the statutory liability for failure to file the annual report required by Crawford & Moses' Dig., §§ 1715, 1726; such copies being made competent evidence by Acts 1921, c. 238, § 1.

4. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A verdict supported by substantial evidence is conclusive on appeal.

Appeal from Sevier Circuit Court; *B. E. Isbell,* Judge; affirmed.

*Collins & Collins,* for appellant.

*E. F. McFaddin,* for appellee.

HUMPHREYS, J.   This suit was brought in the circuit court of Sevier County by appellee, a creditor of the J. L. Cannon Company, a corporation, in the sum of $1,156.74, to enforce the statutory liability of the president and secretary of said corporation for failure to file the annual report required by §§ 1715 and 1726 of Crawford & Moses' Digest.  All necessary allegations were made in the complaint to fix liability for said amount upon Mrs. E. I. Cannon, as administratrix of the estate of J. L. Cannon, who was the secretary of said corporation, and against her individually as president of the corporation.

Mrs. E. I. Cannon, as administratrix of the estate of J. L. Cannon, filed an answer admitting that she was administratrix of the estate and that J. L. Cannon was secretary of the corporation, J. L. Cannon Company, but denied that the J. L. Cannon Company was indebted to appellee in the sum alleged or that the officers of the corporation had failed to make the report required by said sections of the statutes; and for herself individually denied all the allegations of the complaint, particularly denying that she was ever president of the J. L. Cannon Company.

In the course of the trial it was admitted by appellants that the J. L. Cannon Company was a corporation; that J. L. Cannon was secretary thereof; that J. L. Cannon Company was indebted to appellee in the sum of $1,156.74; that Mrs. E. I. Cannon was the duly appointed and acting administratrix of the estate of J. L. Cannon, deceased; that J. L. Cannon Company was adjudged a bankrupt in the United States District Court on September 13, 1926.  The records in the county clerk's office of said county disclosed that the officers of the J. L. Cannon Company failed to file the annual report of the

J. L. Cannon Company required by said sections of the statute.

At the conclusion of the testimony the trial court peremptorily instructed the jury to return a verdict in favor of appellee against Mrs. E. I. Cannon, as administratrix of the estate of J. L. Cannon, for the amount of the alleged indebtedness, but submitted to the jury the question of the liability of Mrs. E. I. Cannon individually . The jury returned a verdict for the full amount of the alleged indebtedness in favor of appellee against Mrs. E. I. Cannon individually.

An appeal has been duly prosecuted to this court from both judgments.

In order to recover the statutory penalty against the estate of J. L. Cannon, deceased, it was necessary to prove that J. L. Cannon Company was a corporation; that the officers of the corporation failed to file an annual report in the office of the county clerk of Sevier County during the years 1925 and 1926, and that during the period of such default the indebtedness was incurred, and that during the period of neglect to file said report J. L. Cannon was secretary of said corporation. All the facts, except the failure or neglect of the officers to file the report, were either admitted in the pleadings or in the course of the trial. The records of the clerk's office disclosed that the report was not filed by the officers of the said corporation during the years 1925 and 1926, the latter year being the year the account sued upon was incurred. This being true, the court correctly instructed the verdict against Mrs. E. I. Cannon, as administratrix of the estate of J. L. Cannon, deceased.

The only additional fact necessary to establish individual liability for the indebtedness against Mrs. E. I. Cannon was to show that she was president of the corporation during the year 1926, which was the period the debt was incurred, and that the officers of the corporation failed or neglected to file the report in the county clerk's office, required by § 1715 of Crawford & Moses' Digest. This issue was submitted to the jury, but appellant con-

tends that it was done without any competent evidence to warrant its submission. During the progress of the trial testimony was introduced showing that the stock owned by D. C. Goff in said corporation was sold and reissued to Mrs. E. I. Cannon on October 6, 1924. Five checks were also introduced in evidence, drawn by Mrs. E. I. Cannon, to which she signed the name of her husband, and these checks were charged to the account of J. L. Cannon Company. Objection was made to the introduction of the checks, but we think they were admissible as a circumstance tending to show that she exercised authority in the operation of the corporate business in an official capacity.

The franchise tax returns of 1925 and 1926, made to the Railroad Commission of Arkansas by J. L. Cannon, as secretary of the J. L. Cannon Company, showed that Mrs. E. I. Cannon was president of said corporation. Appellant objected to the introduction of the authenticated copies of these returns on the ground that they were merely *ex parte* affidavits. Certified copies of these returns are made competent evidence in any court of this State with like effect as the originals thereof, by act 238 of the Acts of the General Assembly of the State of Arkansas of 1921. Section 1 of said act is as follows:

"Copies of any record, book, report, paper or other document on file with, or of record in, the office of any public officer or commission of the State, or of any county officer, or any excerpts from such record, book, report, paper or other document, when duly certified by the officer or the secretary of the commission in whose control such record, book, paper or other document is found, shall be received in evidence in any court of this State with like effect as the originals thereof."

Although Mrs. E. I. Cannon denied that she was president of the corporation or that she had ever had anything to do with it or its affairs, this certificate was some substantial evidence tending to show that she was president of the corporation during the period it defaulted, through its officers, in making its report to

the county clerk, and during the period the indebtedness sought to be recovered in this suit was incurred. We think it, together with the checks issued by her and cashed out of the corporate funds, was sufficient evidence to send the issue of whether she was president to the jury. The jury found that she was president of the corporation, and, since the verdict is supported by some substantial evidence, appellant is bound by the verdict.

No error appearing, the judgment is affirmed.