MASSACHUSETTS MUTUAL LIFE INSURANCE Co. *v.* PEOPLE'S LOAN & INVESTMENT COMPANY.

4-4079

Opinion delivered December 16, 1935.

*James B. McDonough,* for appellant.

*Miles, Armstrong & Young,* for appellees.

MEHAFFY, J. The appellant brought this suit in the Sebastian Circuit Court against the appellees, alleging that on January 6, 1926, Fred Browne, Lee G. Sims and Charles S. Holt entered into a lease contract whereby Fred Browne leased to Lee G. Sims and Charles S. Holt a building at 1100 Garrison Avenue on corner of Garrison and Townson avenues, in Fort Smith, Arkansas. The building consisted of a basement, occupied by the People's Loan & Investment Company, and the first floor, occupied by it. The lease was for five years, beginning February 1, 1929, at a rental value of $2,400, payable $200 on the first of each month. It was alleged that, by the terms of the lease, Lee G. Sims and Charles S. Holt agreed and obligated themselves to pay Fred Browne $2,400 a year for said premises, said payments to be made in the sum of $200 for each month. At the time the lease was made the People's Loan & Investment Company was occupying the premises, and has continued to occupy said premises from that date down to the commencement of this action. During the time covered by the lease, the People's Loan & Investment Company has paid, by its own checks, the sum of $100 per month, less a deduction of $22.92, which appellant alleges was wrongfully deducted.

On May 10, 1932, Fred Browne executed and acknowledged an assignment of the rents to the appellant.

It is alleged that the appellant accepted said payments as payments on the contract, and advised the appellees that said payments would be accepted as payments on the contract, and that appellees were liable to

the appellant for the total sum of $200 per month. The lease contract terminated January 31, 1934. For the period ending on that date, the People's Loan & Investment Company paid to the appellant the sum of $1,200 less $22.92. It alleged appellees were indebted to it in the sum of $1,222.92 for the year ending January 31, 1934. Appellant also alleged that, since the termination of the lease, the appellees have occupied, and are now occupying said premises, and are indebted to appellant for the month of February, 1934, the sum of $200. Appellant asked judgment of $3,022.92. Appellant foreclosed its mortgage upon the premises and bought the premises at the foreclosure sale, and is now owner of the same, and Fred Browne has no interest in said premises or the rent, and no interest in this lawsuit.

The appellees filed answer in which they stated that they had never seen the original assignment from Browne to appellant; did not know whether the copy attached was correct, and therefore denied same; denied that on June 1, 1932, Fred Browne was without authority to collect the rents, and denied that the appellees were without authority to pay Browne; admitted that they paid Browne the rents up to January 31, 1933; denied that they became indebted to the appellant, and were indebted to it. They admit that they paid Bailey, agent of appellant, the sum of $100 per month less a deduction of $22.92, but deny that said deduction was wrongful; deny that the appellant accepted the payments on contract, and advised appellees that said payments would be accepted as payments on contract, and that appellees were liable to appellant for the total sum of $200 per month; admit that for the period ending January 31, 1934, they paid appellant the sum of $1,200 less $22.92; deny that for said period of time they were indebted to appellant in the sum of $2,400; deny that they are indebted to appellant in any sum.

They allege in their answer that on January 13, 1932, they entered into an agreement with Fred Browne, that, for and in consideration of paying Fred Browne twelve months' rent in advance, the rent should be reduced to the sum of $175 per month, making a total of $2,100.

They alleged that, at that time, it was agreed that a further reduction would be made if business conditions warranted, and that they then and there paid Fred Browne the sum of $2,100; that on May 12, 1932, they received notice from Bailey, agent of appellant, that the rents under said lease was to be paid to appellant; that on the same day they received a letter from Fred Browne confirming same; that under the agreement set out there were no rents due under the lease until February 1, 1933, and Bailey was so notified by letter. They state that on January 24, 1933, they entered into another agreement with Fred Browne whereby the rents were reduced under said lease to $100 per month, which agreement was effective to February 1, 1933. By the terms of said agreement the reduction was to continue to November 30, 1933, and that said agreement was in force and effect until the termination of the original lease. In May, 1932, appellees were served with notice by the electric inspector of the city of Fort Smith that certain changes were necessary in the electric wiring in the building; that the repairs amounted to $22.92; that this is a just debt against the owner of the building; that on February 28, 1933, they paid to Bailey, agent for appellant, the amount of $77.08, which was the rent for February, less the $22.92. They allege that they paid the rent at the rate of $100 per month under the terms of the contract, and that they are not indebted to the appellant in any amount.

An amendment was filed to the answer in which it was alleged that they paid rent for the building for the months of February, 1933, to January, 1934, $100 per month, and that these payments were made by check, on which was the notation, "rent in full," and alleged this as an accord and satisfaction.

There was a jury trial, a verdict and judgment for appellees, and the case is here on appeal.

Appellant contends first that under the facts there was no dispute as to the rents, and the amount thereof becoming due after January 31, 1933. The lease agreement was made for five years, to commence on February 1, 1929, and was for $200 per month. Fred Browne, the owner of the property, being indebted to the Massachu-

setts Mutual Life Insurance Company, appellant, on May 10, 1932, made an assignment of the rents to the appellant. Prior to the assignment, on January 13, 1932, appellees entered into an agreement with Fred Browne by which the rent would be reduced if they would pay a year's rent in advance. It was reduced for that year to $175 per month, and they thereupon paid Fred Browne $2,100. The evidence shows that, at the time they made this agreement, it was agreed that a further reduction would be made if business conditions warranted.

There were no rents due after the payment of the $2,100 until February 1, 1933, and the agent of the appellant was notified of this. On January 24, 1933, Fred Browne reduced the rents to $100 per month, effective February 1, 1933. This was carrying out the original agreement made at the time the rent was paid in advance. After the assignment in May, 1932, Mr. Bailey, agent for appellant, wrote to appellees notifying them of the assignment, and stated that the rents due, or that hereafter may become due, were to be paid to Bailey, agent of appellant.

Fred Browne, on May 12, 1932, also wrote appellees advising them that all rents due would be paid by them to Mr. Bailey.

On May 16, 1932, the appellees wrote to Mr. Bailey acknowledging his letter about the assignment, in which letter they stated that, as Mr. Browne had already advised Bailey, the rent on the property had been paid to January 31, 1933, and that at the expiration of that period, unless otherwise notified to the contrary, all rents would be paid to Bailey.

There can therefore be no question about the rent to the period ending January 31, 1933. On February 20, 1933, Bailey wrote to the appellees that he had on February 8 written to Sims, calling his attention to the rent in the sum of $200 being due, and payable February 1. Bailey stated to them that he was advised by his company to collect the rent. On February 23, 1933, the appellees wrote to Bailey stating that they thought they had already made it clear that the rent was not due on the first of the month, but due on the last day of the

month, and a check would be sent at that time. On February 20 appellees had written a letter to Bailey that the rent would be paid in the future as it had in the past. In that letter the appellees also stated that from the check for rent they had deducted $22.92 which they had paid to the electric company for repairs to electric wiring, which they were forced to pay or have the lights cut off.

On January 24, 1933, Fred Browne wrote appellees a letter calling attention to the former agreement when rent had been paid in advance, and agreeing to reduce the rent to $100 per month, effective with the rent of February, 1933. On February 28, 1933, appellees wrote Bailey a letter inclosing a check for $77.08, and calling his attention to the deduction of $22.92 which they stated they had previously explained to him.

On March 1, 1933, Bailey wrote to appellees acknowledging the receipt of the check for $77.08, advising them that he could not accept the check as payment of the rent, but accepted the same as a credit on the rent. Bailey testified, however, that, after holding the check for a week, he deposited it. On March 31, 1933, appellees wrote to Bailey inclosing a check for $100, the letter stating that the amount covered rent for the month of March, 1933, in full. On May 8 Bailey cashed his check. On April 1, 1933, Bailey wrote appellees, acknowledging the receipt of the check for $100, and again advising them that it was not accepted as a payment in full, but only as a credit on the rent. Appellees wrote to Bailey about the rent in the future, calling his attention to the fact that they had learned that some of the checks for rent had been changed by Bailey, before cashing them. All of the checks showed that they were for rent "in full" for the previous month.

It appears from the evidence that, before Browne assigned the rents to the appellant, he had reduced the rents to $175 per month with an agreement that, if conditions warranted it, he would thereafter reduce the rent to $100 per month. After the assignment he did reduce it to $100 per month.

There was a dispute between the parties as to the amount of the rent. Of course, before the assignment

Fred Browne had a right to reduce the rent, and if he did that the amount stated in the lease was no longer controlling. As to whether the acceptance of the checks and the conduct of the parties was an accord and satisfaction, was a question of fact for the jury. There was a dispute about the amount of the rent. We do not agree with the appellant in its contention that there was no dispute about the amount of the rent. The evidence shows that the appellees contended all the time that the rent had been reduced to $100 per month, and the appellant contended that the rent was $200 per month. Checks were sent to the appellant for $100, which had the notation that it was for the rent "in full."

At the same time that the appellees sent the check they wrote a letter in which they stated that that was payment of the month's rent in full. The appellant contended that it accepted the check as a credit on rent, but not as payment of the rent in full. And no matter which one was right, if there was a dispute or controversy about the amount of the rent, as to whether the actions and conduct of the parties amounted to accord and satisfaction, was a question for the jury.

At the time the agreement was made to reduce the rent to $175, it was also agreed that there would be a further reduction if conditions warranted. Thereafter Browne made a further reduction. This, however, was after the assignment. Whether the appellees were right in claiming this reduction is immaterial if it were made in good faith.

"While it is not necessary that the dispute or controversy should be well founded, it is necessary that it should be made in good faith." 1 C. J. 554.

We think from the evidence in this case there can be no question, but that the appellees acted in good faith.

"When a claim is disputed or unliquidated, and the tender of a check or draft in settlement thereof is of such character as to give the creditor notice that it must be accepted in full satisfaction of the claim or not at all, the retention and use thereof by the creditor constitutes an accord and satisfaction." 1 C. J. 562; *Pekin Cooperage* v. *Gibbs,* 114 Ark. 559, 170 S. W. 574; *Cunningham*

*Company* v. *Raugh-Darragh Grain Company*, 98 Ark. 269, 135 S. W. 831; *Barham* v. *Bank of Delight*, 94 Ark. 158, 126 S. W. 394; *Cannon* v. *Hope Fertilizer Company*, 176 Ark. 435, 2 S. W. (2d) 1100.

The appellant next contends that the court erred in placing the burden of proving the payments upon the plaintiff. There was no dispute about the payments. The appellant admitted every payment that the appellees claim to have made, and the instruction requested by the appellant was not proper. It was as follows: "The defendants claim partial payment on the rents, and the court instructs the jury that the burden of proving payments rests upon the defendants."

The defendants did not claim partial payment, but each time they made a payment, they claimed it was a payment in full. If there had been any dispute about the payments, then the burden would have been on the defendant to prove payments. The court refused to give the above instruction, and gave the following: "The burden of proof is upon the plaintiff to make out its case by a preponderance of the evidence." This was correct, since there was no dispute about the amount of the payments.

It is next contended by the appellant that the assignment of the rent and the acceptance of the assignment by defendants, as a matter of law, substituted the plaintiff as the lessor in the lease, and obligated the defendants to pay to the plaintiff $200 per month, beginning February 1, 1933. What we have already said answers this contention.

It is then contended by the appellant that the court erred in giving, on motion of the defendants, their requested instruction No. 7. That instruction simply told the jury in effect that if there was a dispute between the parties, and if the check was sent and had a notation, "rent in full," and said check was accepted, and the proceeds kept, that would constitute an accord and satisfaction. We do not think there was any error in giving this instruction. If there was a dispute in good faith as to the amount, and the check was marked "pay-

ment in full,'' and accepted by the payee, this would constitute accord and satisfaction.

Appellant also contends that the court erred in refusing to give its instruction No. 2. We think the court did not err in this, because the only question, it seems to us, is whether there was a dispute or controversy in good faith, and whether the payments made were accepted by the appellant. We think appellant's instruction No. 3, given by the court, fully covers this matter. What we have already said is a sufficient answer to appellant's objection to the court's refusing to instruct the jury orally that the plaintiff was entitled to recover the sum of $22.92. This is the same situation exactly as the other payments, and the check was made, and the appellant was informed that that was in full payment for the amount of rent for that month.

If there is no substantial evidence, the question of whether there is accord and satisfaction is a question of law, but when there is substantial evidence that there was a dispute about the amount, that checks were sent and, appellant was notified that it was in full payment, and accepted the check, it was then a question of fact for the jury.

We find no error, and the judgment is affirmed.

McHaney, J., concurs.