PROVIDENT LIFE & ACCIDENT INSURANCE
COMPANY *v.* MOORE.

4-7300                                    178 S. W. 2d 499

Opinion delivered March 13, 1944.

*George K. Cracraft,* for appellant.

*Dinning & Dinning,* for appellee.

HOLT, J.    April 10, 1935, appellant, insurance company, issued its group policy No. 3636 to the Chicago Mill & Lumber Company, whereby it insured the company's employees against accidental injuries, including those arising from and in the course of employment, for non-occupational injuries, sickness, death, dismemberment, and funeral expenses. Premiums were based upon the earning power of the employees, carrying a corresponding greater or lesser amount to be paid, and a corresponding greater or lesser amount of benefits. This group policy provided for occupational benefits not exceeding thirteen weeks.

On December 5, 1940, when the Arkansas Workmen's Compensation Law went into effect, under which an employee receives compensation benefits if disabled for more than seven days, and if not so disabled, he receives no benefits for the first seven days, appellant attached an amendment to its group policy No. 3636, which amend-

ment contained the following clause: "A.. Limit of time for which benefits shall be payable for disability due to an occupational accidental injury (arising from and in the course of employment) is reduced to one week," and reduced the weekly premium to be paid by the employee from 40c to 34c.

In March, 1942, appellee, Moore, became an employee of the lumber company and on March 26, he was issued an insurance certificate, No. 10405, which provided that appellee, the insured, was entitled to benefits under group policy No. 3636, with premium 34c per week. Under the terms of this certificate, appellee, under § B (1) was entitled to disability benefits for "Bodily injury sustained by external, violent and accidental means, including those arising from and in the course of employment, which disable within one week of the date of accident. Weekly benefits . . . $7 (beginning with the first day. Limit 13 weeks)."

There was a rider attached to appellee's certificate providing as follows: "First Week Occupational Injury Rider. Rider attached to and forming a part of certificate issued under Group Policy No. 3636, covering employees of the Chicago Mill & Lumber Company, providing additional benefits as follows: Disability from Occupational Injury—For total disability due to bodily injuries sustained by external, violent, and accidental means, arising from and in the course of employment, which actually prevents the performance of every duty of any occupation or employment for salary or wages, the company will pay the employee, during the period of such disability, benefits at the rate shown under § B (1) on the front page of the certificate, commencing with the first day of disability, but not for a longer period than one week."

The parties stipulated "that on the 9th day of May, 1942, the plaintiff was in the employ of the Chicago Mill & Lumber Company, and that in performing his usual duties he was totally and permanently disabled, and that said injury was suffered within the scope and course of his employment, and that the said total and permanent

disability continued for a longer period than thirteen weeks from the date of said injury.''

May 27, 1942, a draft or voucher, embodying a full release, was issued by appellant to appellee, H. D. Moore, in the amount of $6.66, which was accepted and cashed by appellee. The draft is as follows: ''2-4321245. To Provident Life & Accident Insurance Company, Chattanooga, Tennessee, claim No. ..........., draft No 27968, through American Trust & Banking Company, Chattanooga, Tennessee—87-41, May 27, 1942—at sight, when properly indorsed. Pay to the order of H. D. Moore $6.66 (26-2) Chicago Mill $6 & 66 Cts. Dollars. In full settlement of any and all claims which payee has or may have by reason of Sickness-Injuries-Death occurring or beginning on or about the 9th day of May, 1942, under policy No. 3636, certificate No. 10405. Amount of claim payment $7. Amount of premium deducted $0.34. Net amount of draft $6.66. If draft not payable to insured, insert name of insured here: .............................J. M. Fletcher, adjuster. Paid Provident Life & Accident Ins. Co., Chattanooga, Tenn., American, June 1, 1942. Receipt and endorsement. For and in consideration of the amount shown on the face hereof, receipt of which is hereby acknowledged, I hereby release and forever discharge the Provident Life & Accident Insurance Company from any and all liability arising from the claim thereon referred to. Sign here: ......................................................................... (This draft will not be paid unless indorsed on this line by payee.) H. D. Moore. For Deposit Only. Pay to the order of Phillips National Bank. Hickey Hardware & Electric Co. Pay to the order of any bank or trust company. Prior indorsements guaranteed May 28, 1942. Phillips National Bank, Helena, Arkansas, 81-63, F. L. Thompson, cashier. Pay to the order of any bank or banker. Prior indorsements guaranteed June 1, 1942, or through Chattanooga Clearing House. American Trust & Banking Co., Chattanooga Tenn., 87-41.''

October 27, 1942, appellee sued appellant, alleging in his complaint that under the terms of the group policy, the amendment thereto, the certificate and rider at-

tached, and his application, he was entitled to twelve additional weeks of benefits at $7 per week, in the amount of $84, in addition to the one weekly benefit which appellant had paid him. His prayer was for a judgment in the amount of $84, the statutory penalty, and a reasonable attorney's fee. Appellant answered with a denial that appellee was entitled to anything more than the amount of one week's benefit already paid to him, "that defendant has fully paid the plaintiff, and plaintiff has accepted same as settlement of all rights between the parties."

By agreement, the cause was submitted to the court sitting as a jury, and there was a finding in favor of appellee in accordance with the prayer of his complaint. From the judgment comes this appeal.

It is appellant's contention: (1) That the group policy No. 3636 with the amendment thereto, the certificate issued to appellee, No. 10405, and the rider attached to this certificate, must all be considered together in determining appellant's liability; and that when this is done, the liability of appellant, insurance company, to appellee, an employee of the lumber company, is limited to a period of not longer than one week, where such employee was injured by accidental means arising from the course of his employment as in the instant case, and, (2) "that the check tendered and accepted by the plaintiff was a full settlement of the rights and liability between the parties."

After a careful review of this record, we have reached the conclusion that appellant's second contention, *supra,* must be sustained, and therefore, it becomes unnecessary for us to determine its first contention.

Under the plain and unambiguous terms of the draft and release, *supra,* appellee accepted $6.66 from appellant "in full settlement of any and all claims which payee (appellee) has or may have by reason of Sickness-Injuries-Death occurring or beginning on or about the 9th day of May, 1942, under policy No. 3636, certificate No. 10405," and "for and in consideration of the amount

shown on the face hereof, receipt of which is hereby acknowledged, I hereby release and forever discharge the Provident Life & Accident Insurance Company from any and all liability arising from the claim thereon referred to. H. D. Moore.''

On its face, this release was unconditional. There is no testimony in the record that there was any condition attached to the execution by appellee of this release. The burden was on appellee. There is no contention by appellee of any fraud or deception on the part of appellant in procuring this release. In this connection, appellee says: ''Plaintiff's exhibit C, although not apparent from the transcript, was actually the bottom portion of the draft (defendant's exhibit C) and showed that the amount of the claim consisted of seven (7) days total liability at $7 wk. $6.66. This was the total amount due at the time of the issuance of the check and covered the first week of disability only. Therefore any satisfaction or release arising from the indorsement of the draft covered only the first weekly payment.'' Whether appellee's exhibit C was the bottom portion of the draft, *supra,* and showed that the amount of the claim consisted of seven days total disability at $7 per week, $6.66, the proof does not show, but to concede that this was a part of the draft, still, we think it would not change the result.

In *Springfield & Memphis Railroad Company* v. *Allen,* 46 Ark. 217, this court said: ''A settlement and receipt in full of an unliquidated demand, when made with complete knowledge of all the circumstances, is a bar to a subsequent action upon the demand.'' This case was cited with approval in *Barham* v. *Bank of Delight,* 94 Ark. 158, 126 S. W. 394, 27 L. R. A., N. S. 439. In the comparatively recent case of *Massachusetts Mutual Life Insurance Co.* v. *People's Loan & Investment Company,* 191 Ark. 982, 88 S. W. 2d 831, this court announced the rule in this language: ''When a claim is disputed or unliquidated, and the tender of a check or draft in settlement thereof is of such character as to give the creditor notice that it must be accepted in full satisfaction of the

claim or not at all, the retention and use thereof by the creditor constitutes an accord and satisfaction. 1 C. J. 562." *Barham* v. *Bank of Delight, supra,* is cited.

For the error indicated, the judgment is reversed, and since the cause has been fully developed, it is dismissed.