# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-12-685

| | |
|---|---|
| | **Opinion Delivered** October 9, 2013 |
| LAWRENCE TRAMMELL | APPEAL FROM GREENE COUNTY |
| APPELLANT | CIRCUIT COURT |
| | [NO. CV-11-35] |
| V. | |
| | HONORABLE DAVID N. LASER, |
| | JUDGE |
| WILLIS HOOKS | |
| APPELLEE | AFFIRMED |

### KENNETH S. HIXSON, Judge

This appeal concerns litigation commenced over the sale of real estate and businesses in Paragould between appellant Lawrence Trammell as seller and appellee Willis Hooks as buyer. The two men agreed on a sales price of $400,000 on December 14, 2010. Trammell filed a breach-of-contract action against Hooks in February 2011 claiming that Hooks failed to pay in accordance with their agreement.[1] Hooks denied he breached the contract and affirmatively pleaded that he tendered $240,000.00 in cash to Trammell on January 3, 2011, in full payment as an accord and satisfaction of the purchase contract. Trammell denied that an accord and satisfaction took place. A jury in Greene County Circuit Court disagreed with Trammell and found in favor of Hooks on Trammell's breach-of-contract suit. The trial

---

[1]Trammell alleged several other causes of action and requested a preliminary injunction to regain control of the property from Hooks. All of Trammell's other causes of action and requests for injunctions were dismissed prior to submission of the contract claim to the jury.

court subsequently awarded Hooks attorney fees for his successful defense. Trammell appeals, primarily asserting that Hooks did not establish sufficient evidence for the defense of accord and satisfaction to be submitted to the jury. We disagree and affirm.

An accord and satisfaction generally involves a settlement where a creditor agrees to accept a different consideration or less money than he is owed. *Rouse v. Myers*, 2013 Ark. App. 313. There must be a disputed amount involved and consent to accept less than the amount in settlement of the whole before acceptance of the lesser amount can be accord and satisfaction. *Id*. The elements of accord and satisfaction are the same as the elements of a contract: offer, acceptance, and consideration. *Id*. A party asserting accord and satisfaction as an affirmative defense has the burden to prove these elements. *Id*. *See also* Howard W. Brill, *Arkansas Law of Damages* § 17:16.

The defense of accord and satisfaction generally presents a question of fact for the jury to decide. *Mass. Mut. Life Ins. Co. v. Peoples Loan & Inv. Co.*, 191 Ark. 982, 88 S.W.2d 831 (1935); *Pruitt v. Dickerson Excavation, Inc.*, 2010 Ark. App. 849. A dispute over the indebtedness need not be well founded; it simply must be in good faith. *Mass. Mut. Life Ins. Co.*, *supra*. There must be an objective indicator that the parties agreed that the payment tendered will discharge the debt. *Quality Petroleum, Inc. v. Winward Petroleum, Inc.*, 2011 Ark. App. 116, 378 S.W.3d 818 (2011); *Housley v. Hensley*, 100 Ark. App. 118, 265 S.W.3d 136 (2007).

Hooks and Trammell entered into three written agreements regarding Trammell's night-club property. The first agreement was a handwritten document dated December 13,

2

2010, wherein Hooks agreed to purchase Trammell's liquor inventory for $6,000. The second agreement is the one at issue before us. It was dated December 14, 2010, and it was a typewritten one-page Mortgage Contract signed and notarized, wherein the parties agreed to a price of $400,000 for the night club properties. The third agreement dated January 4, 2011, was another handwritten document wherein Hooks agreed to purchase three pool tables from Trammell for $2,700.[2]

The $400,000 Mortgage Contract recited that $15,000 was due in January 2011 and monthly payments were to follow, but the contract did not set forth the due dates, amounts of remaining payments, or an interest rate. The Mortgage Contract was signed by both men and notarized at Express Copies in Paragould. On that same date, December 14, 2010, a Warranty Deed conveying the real property from Trammell to Hooks was executed by Trammell and notarized, but it was not delivered to Hooks.

On January 3, 2011, Trammell asked his accountant to prepare an amortization schedule that spread the monthly payments over twenty years, set the interest rate at eight percent, and set the monthly payments as due on the first day of each month (including January 2011) in the approximate amount of $3,346. The amortization schedule indicated that at the end of the twenty-year amortization period, the total amount that Hooks would have paid would be just over $802,000, more than half of it interest. Trammell presented the

---

[2]This agreement provides that the three pool tables were sold for $900 each for a total of $2,400. Obviously, this agreement contains a mathematical error, but the error is not germane to this appeal.

amortization schedule to Hooks. Trammell testified that Hooks told him that this "was a lot of interest on the amortization sheet and he had no intention of paying all of that interest."

Hooks testified that he tendered $240,000 in cash to Trammell on January 3, 2011, to pay off the Mortgage Contract. Hooks testified that Trammell demanded cash, that he took $240,000 in cash from his safe, twenty-four stacks of $10,000 each, and that he delivered the cash to Trammell in the parking lot of Express Copies. No one else witnessed this cash transaction. Hooks testified that he requested a receipt from Trammell and that Trammell made a handwritten notation in the right margin of the Mortgage Contract "*$240,000.00 PD off*" and drew a large "*x*" across the body of the Mortgage Contract. Hooks stated that Trammell then gave him the executed Warranty Deed (which was subsequently filed for record by Hooks on January 6, 2011, in the Office of the Circuit Clerk.)

Hooks went inside the Express Copies store, and a notary seal was placed by this additional handwriting. The notary testified that he told Hooks that he would notarize only the date this was brought to him for a second time, and he believed Hooks wrote the date on it, "1–3–2011." The notary did not see Trammell write on the document, nor did he see any money change hands.

As to the liquor-inventory contract, that handwritten document recites: "*12-13-10. I, Lawrence Trammell, sold my inventory of liq[uor] to Willis Hooks total of $6,000. Willis PD me $2,000.00 cash and owes me $4,000.00 balance. /s/ Willis Hooks [and] Lawrence Trammell.*" Hooks apparently made another $2,000 payment. The same document has an additional handwritten note: "*PD 1-12-11  2,000.00. Balance 2,000.00*" The $2,000 alleged to be

owed on the liquor-inventory contract was placed in the registry of the court and was ultimately released to Trammell, in fulfillment of that separate contract.

Hooks requested Arkansas Model Jury Instruction 2431 on accord and satisfaction, which the trial court gave over Trammell's objection. Trammell requested, but was denied, an instruction on "contract modification" pursuant to Arkansas Model Jury Instruction 2425, which would require Hooks to present clear and convincing evidence of a modification. Hooks did not want that instruction. The trial court reasoned that AMI 2431 appropriately covered the law and evidence brought out at trial. Refusal to give a proffered instruction is reviewed under an abuse-of-discretion standard. *Nelson v. Stubblefield*, 2009 Ark. 256, 308 S.W.3d 586. It is not error to refuse a proffered instruction when the stated matter is correctly covered by other instructions. *ProAssurance Indem. Co. v. Metheny*, 2012 Ark. 461, 425 S.W.3d 689.

Boiled down to its essence, Trammell contends that because there was no evidence upon which to submit an accord-and-satisfaction instruction to the jury, it was error to give it. A party is entitled to a jury instruction if it is a correct statement of the law and there is some basis in the evidence to support giving the instruction. *Boellner v. Clinical Study Ctrs., LLC*, 2011 Ark. 83, 378 S.W.3d 745. The trial court gave a model jury instruction, so there is no question that it was a proper statement of the law in Arkansas. The jury was instructed:

> Willis Hooks contends and has the burden of proving that an accord and satisfaction occurred as to Willis Hooks' obligation under the party's contract. In order to establish this claim, Willis Hooks must prove each of the three essential propositions. First, that the parties agreed that one would accept from the other a different performance in full satisfaction of the performance required in their contract.

Second, that both parties understood that their rights and obligations under the original contract would be cancelled by the agreement.

Third, that the party obligated to perform the substituted obligation actually performed it.

If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for Willis Hooks.

The trial court was required to determine whether there was some evidence of a dispute over what was owed and a manifestation of consent to accept less than what was owed, in order to support giving this instruction. We hold that the trial court did not err. By his own testimony, Trammell substantially increased the price by adding interest to the twenty-year payment schedule he prepared, and he testified that Hooks did not want to pay the interest. This provided "some evidence" of a dispute over the debt upon which to submit the issue to the jury. There were also objective indicators that the parties agreed to a tender of $240,000 on January 3, 2011, as payment in full on the Mortgage Contract. Hooks testified to delivering to Trammell $240,000 in cash; Trammell testified that the handwriting that indicated "P.D. off" on the Mortgage Contract looked like his handwriting; and Hooks testified to Trammell handing him the Warranty Deed, which he recorded three days later. Whether the money actually changed hands was for the jury to decide. We affirm the giving of the accord-and-satisfaction instruction.

There was evidence that Hooks made a $2,000 payment to Trammell subsequent to the $240,000 "accord and satisfaction" payment. Trammell amplifies his accord-and-satisfaction argument by asserting that Hooks's subsequent payment on the liquor purchase agreement, after the $240,000 cash payment, meant that there was not a full, final payment

6

of accord and satisfaction on the Mortgage Contract. We do not agree. It is abundantly clear that the $2,000 payment referred to by Trammell was a payment for the separate liquor purchase agreement and not a payment on the Mortgage Contract.

As stated previously, the trial court did not abuse its discretion in refusing the contract-modification instruction because the accord-and-satisfaction instruction adequately covered the subject in line with the defense Hooks asserted. Indeed, Trammell disagreed that a contract modification took place, undercutting his insistence that this was the appropriate instruction.

Lastly, Trammell argues that because he is entitled to reversal, then the award of attorney fees must be reversed. He does not contest the amount or reasonableness of the attorney fees. Because we disagree that Trammell has demonstrated reversible error, we affirm the award of attorney fees. *See Baber v. Baber*, 2011 Ark. 40, 378 S.W.3d 699.

Affirmed.

GRUBER and WOOD, JJ., agree.

*Hunter J. Hanshaw* and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Wilcox & Lacy, PLC*, by: *Tony L. Wilcox* and *Dustin H. Jones*, for appellee.